COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


KATHERINE FRAZIER BROOKS
                                              OPINION BY
v.        Record No. 1312-97-2      JUDGE NELSON T. OVERTON
                                            MAY 5, 1998
WILLIAM CONGDON BROOKS


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            Deanna D. Cook (Bremner & Janus, on brief),
            for appellant.

            Robert C. Elliott, II (Rebecca E. Duffie; The
            Elliott Law Firm, on brief), for appellee.


    Katherine Brooks appeals a divorce decree awarding her
spousal support for two years. She does not contest the amount
of spousal support but argues the trial court erred by limiting
the duration of the award to two years. Both parties seek
attorney's fees and costs. Because we agree that the trial court
erred in limiting the award but properly exercised its
discretionary authority when denying an award of counsel fees, we
affirm in part and reverse in part.

                        I. Background

    The facts are not in dispute and bear little relevance to
the legal questions presented by this appeal. Katherine Frazier
Brooks (wife) and William Congdon Brooks (husband) were married
on June 28, 1980. The parties have two children, Amanda and Adam
Brooks. Wife married husband when she was nineteen years old.
She possessed a high school degree and one year of secretarial

school training at the time of the marriage. Her role during the marriage was to raise their children and maintain the marital home. At the time of the divorce, wife was thirty-six years old and in good health. She is training at a community college to be a Radiology Technician. She also works twenty-five hours a week at a clothing store and has custody of both children. Her monthly income, apart from the support awards, is six hundred and fifty-eight dollars.

Husband was the primary monetary contributor to the marriage, working for several companies during his career before his current employment with Kromacorp. He accumulated retirement funds, a company car and other fringe benefits. Husband is still working and lives with his mother. His monthly income is seven thousand and ninety-five dollars.

On October 25, 1995, husband filed for divorce based on cruelty under Code § 20-91(A)(6) and wife responded with answer and cross-bill, also alleging cruelty. The trial court reviewed the parties' depositions, evidence and ore tenus testimony and granted the parties a final decree of divorce a vinculo matrimonii on May 7, 1997, pursuant to Code § 20-91(A)(9). The decree settled all issues of equitable distribution, custody, visitation, support and counsel fees.

In a letter opinion issued February 19, 1997, the trial court awarded wife spousal support of six hundred dollars a month for twenty-four months. Upon request of the parties for

clarification, the trial court issued a supplemental letter

opinion in which it stated,

> The Court found that Mrs. Brooks is in need
> of spousal support and that Mr. Brooks has
> the ability to provide support.  The Court
> therefore found it reasonable under the
> evidence presented to award $600.00 per month
> in spousal support to Mrs. Brooks for a
> period of 24 months.  The Court further held
> that the parties may request a review sooner
> if Mrs. Brooks becomes employed full-time or
> her income increases.  The spousal support
> award is a monthly award, which is not to be
> construed as a lump sum award.  Mrs. Brooks
> is entitled to such amount for a period of 24
> months if neither party requests a review
> based on a change in circumstances.  At the
> end of the 24 month period, Mrs. Brooks shall
> have the right to petition for a continuance
> or modification of support based on the
> circumstances at the time.

Neither the letter opinions nor the divorce decree provide

further insight into the trial court's rationale for the two-year

limit.

## II.  Spousal Support

A trial court has broad discretion in setting spousal

support and its "determination 'will not be disturbed except for

a clear abuse of discretion.'"  Dodge v. Dodge, 2 Va. App. 238,

246, 343 S.E.2d 363, 367 (1986) (quoting Thomasson v. Thomasson,

225 Va. 394, 398, 302 S.E.2d 63, 66 (1983)).  Wife contends the

automatic termination of her support threatens her welfare and

that of her children for no identifiable reason.  We agree that

this arbitrary restriction is improper.  See Papuchis v.

Papuchis, 2 Va. App. 130, 133, 341 S.E.2d 829, 831 (1986).

Thomas v. Thomas, 217 Va. 502, 504-05, 229 S.E.2d 887, 889-90 (1976), is directly, and remarkably, similar to the instant matter.  In Thomas, the Supreme Court of Virginia held the trial court could not limit the duration of spousal support payments to only two years without evidence that the recipient's need for support or the payor's ability to make support payments would change during the "immediate or reasonably foreseeable future." Id.  Thomas has frequently been cited with approval by the Supreme Court of Virginia and this Court.  See, e.g., Jacobs v. Jacobs, 219 Va. 993, 995-96, 254 S.E.2d 56, 58 (1979); Johnson v. Johnson, 25 Va. App. 368, 375, 488 S.E.2d 659, 663 (1997); Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986).

The only justification husband offers for terminating support is that in two years the parties' daughter and son will be fourteen and eleven years old, respectively.  Apparently, upon entering early adolescence the children will require less time of wife and wife will be more able to secure full-time employment. As any parent can attest, this reasoning is deeply flawed and provides an insufficient basis for the award.  The record before us is devoid of any other indication that husband's or wife's circumstances will change in two years.  Accordingly, we reverse the imposition of the two-year limitation.  If the parties' circumstances change in the future, they may seek modification pursuant to Code § 20-109.

We also feel it necessary to reiterate and reaffirm a

principle critical to the maintenance of our governmental separation of powers:  when a law has been considered by the legislature and rejected, the courts should follow the legislative intent evidenced by the rejection and refrain from adopting that law by judicial action.  See Commonwealth v. Gregory, 193 Va. 721, 726, 71 S.E.2d 80, 83 (1952) ("To declare what the law is, or has been, is a judicial power; to declare what the law shall be is legislative."); Merrillat Industries v. Parks, 15 Va. App. 44, 49-51, 421 S.E.2d 867, 869-71 (1992).  The availability of "rehabilitative" spousal support has been considered by the Virginia General Assembly, rejected, and was only recently reconsidered by the General Assembly and signed into law by the Governor.  H.B. 517, 1st Sess. (Va. 1998).  However, at the time this case was brought rehabilitative support was not available, and the trial court should not have manufactured it by judicial fiat.  See also Sullivan v. Hudson, 490 U.S. 877, 899 (1989) (White, J., dissenting) ("Our duty is to apply statutes as they were enacted by [the legislature], not to take it upon ourselves to overcome the 'political realities' that blocked what we might consider to be good legislation.").

### III.  Attorney's Fees

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va.

27, 29, 225 S.E.2d 362, 364 (1976)).  "The key to a proper award of counsel fees is reasonableness under all the circumstances." Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)).  The facts of this case evince no unusual circumstances such as bad faith or gross disparity of financial resources which would warrant disturbance of the trial court's judgment.  See L.C.S. v. S.A.S., 19 Va. App. 709, 721, 453 S.E.2d 580, 587 (1995).  We, therefore, affirm the trial court's order denying counsel fees.

## IV.  Conclusion

That portion of the trial court's spousal support award which limited payments to two years is reversed and the case is remanded to the trial court for reconsideration not inconsistent with this opinion.  The order denying counsel fees is affirmed.

Affirmed in part,
reversed in part,
and remanded.