COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


JENNIFER A. STOUT

                                    MEMORANDUM OPINION* BY
v.   Record No. 2837-97-3           JUDGE RUDOLPH BUMGARDNER, III
                                         NOVEMBER 3, 1998
RUSSELL D. STOUT


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Jonathan M. Apgar, Judge

            Leisa Kube Ciaffone (E. Scott Austin; Gentry,
            Locke, Rakes & Moore, on brief), for
            appellant.

            No brief or argument for appellee.



        Jennifer A. Stout appeals a final decree of divorce that

awarded her spousal support, but limited it to twenty-four

months.  Finding that the trial court erred in limiting the

periodic support, we reverse.

        This marriage lasted eight years during which both parties

worked and contributed to the household.  The evidence delineated

the current earnings and financial obligations of both parties

and showed that the wife was attempting to reobtain a civil

service job that she previously held.  The evidence also showed

that in the future the wife would have the additional expense of

providing her own medical insurance.

        The divorce decree awarded spousal support "in the amount of

$350 per month for a period of twenty-four (24) months commencing

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

August 1, 1997." It did reserve to the wife "pursuant to § 20-109, the right to seek continuation of the spousal support, for good cause shown, after the twenty-four (24) month period is over." The wife argues that the time limitation on the award was error absent evidence supporting a finding that the husband would have no ability to pay spousal support in the next two years or that she would have no need for spousal support. We agree.

The trial court awarded the wife a specified amount payable monthly for a designated period. This created an award of periodic payment under the holding of Dickson v. Dickson, 23 Va. App. 73, 79, 474 S.E.2d 165, 168 (1996). The issue is whether it is error to place a time limit on a periodic support award absent evidence that the parties' financial circumstances will change in the near future. That is the same issue decided in Brooks v. Brooks, 27 Va. App. 314, 498 S.E.2d 461 (1998).

In Brooks, we reversed the imposition of the two-year limitation because the record was devoid of any proof of a change in the parties' financial circumstances. See id. at 317-18, 498 S.E.2d at 463; Thomas v. Thomas, 217 Va. 502, 504-05, 229 S.E.2d 887, 889-90 (1976). Brooks controls the present case because the court imposed a limitation on the periodic support award and the evidence failed to show that husband's ability to pay or wife's need for support would change in the near future.

Accordingly, we hold that the trial court erred in limiting the duration of the award. Therefore, we reverse the holding

that limited periodic support to twenty-four months and remand the case for entry of a support order in accordance with this decision.

<u>Reversed and remanded.</u>