COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Hodges


JUDY PAMELLA LWASA, A/K/A
  JUDY PAMELLA JOSEPH

                                              MEMORANDUM OPINION[*]
v.        Record No. 1311-05-4                      PER CURIAM
                                                 NOVEMBER 8, 2005
STEVEN LWASA


          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                         William D. Hamblen, Judge

          (Catherine M. Reese; Andrea C. Weiss; The Law Office of Catherine
          M. Reese, PLC, on briefs), for appellant.

          (Mariam Ebrahimi; Leiser & Associates, PLLC, on brief), for
          appellee.


        Judy Pamella Lwasa, appellant, appeals an order of the trial court declaring her marriage to

Steven Lwasa, appellee, was void *ab initio*.  Appellant argues on appeal that the trial court erred by:

(1) finding the marriage was void *ab initio*, thereby denying her the remedy of an equitable

distribution hearing; and (2) awarding appellee attorney's fees.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

        The parties were married on April 25, 1997.  Appellee filed for divorce on January 18, 2005.

On April 20, 2005, appellee filed a motion to dismiss the divorce complaint and declare the

marriage void *ab initio*.  The trial court held a hearing on the matters on April 26, 2005.

        Appellant did not appear at the hearing, however, her counsel was present.  Appellant's

counsel provided no explanation for appellant's absence at the proceeding.  At the hearing, appellee

_____

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

introduced a divorce decree from the Circuit Court of Fairfax County dated March 2, 2000, which ordered appellant's divorce from another man. The written statement of facts does not indicate that appellant's counsel objected to the admission of the document into evidence or presented any argument challenging the authenticity of the decree. The written statement of facts does not indicate appellant's counsel offered any evidence disputing the validity of the divorce decree. Based on this document, which demonstrated that appellant was not divorced from a prior husband when she married appellee and other evidence presented by appellee at the hearing, the trial court found the parties' marriage to be null and void. Appellant's counsel endorsed the trial court's order declaring the marriage void *ab initio* as "Seen and Agreed."

The written statement of facts indicates that at the hearing, appellant's counsel objected orally to the court's decision to award appellee attorney's fees. After the hearing, appellee's counsel submitted to the court an affidavit of his attorney's fees. By order entered on April 27, 2005, the trial court declared the parties' marriage void *ab initio* and awarded appellee $7,000 in attorney's fees.

Appellant obtained new counsel and filed a "Motion to Stay, Reconsider and Vacate" the trial court's April 27, 2005 order. Appellant contended in her motion that her previous marriage was dissolved on January 10, 1997 by the High Court of the Supreme Court of Judicature in Guyana prior to her marriage to appellee, and she attached to her motion a copy of an order from that court. The trial court denied the motion without a hearing.

Appellant argues her due process rights were violated when the trial court declared her marriage to appellee void *ab initio*.

"Procedural due process guarantees a litigant the right to reasonable notice and a meaningful opportunity to be heard." Etheridge v. Medical Center Hospitals, 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989). Appellant had both notice of the April 26, 2005 hearing and an opportunity to be heard.

Whether she diligently exercised that opportunity was strictly a matter under her own control. Appellant's failure to appear, even if inadvertent, cannot be attributed to the fault of anyone other than herself. Moreover, appellant's interests were represented, as her counsel was present throughout the hearing. Appellant appears to argue that her counsel did not represent her interests. However, the record shows that the trial court did not enter the order granting counsel's motion to withdraw until the conclusion of the April 26, 2005 hearing. "Counsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw." Rule 1:5.

The record shows that appellant's counsel presented no evidence or argument challenging appellee's evidence that appellant's divorce was not final prior to the parties' marriage. On this record, we cannot say that appellant was denied any due process by the trial court's decision or that the trial court erred in its decision.

Furthermore, the trial court did not violate appellant's due process rights by denying her motion for reconsideration without holding an evidentiary hearing. A motion to reconsider is addressed to the sound discretion of the trial court. Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986). Appellant's motion moved the trial court to revisit evidence and rulings made at a hearing she failed to attend, although her interests were represented at the hearing by counsel. The motion asserted for the first time her challenge to appellee's evidence that she was not divorced from a prior husband before she married appellee. As stated above, appellant had the opportunity to present this evidence at the April 26, 2005 hearing. Accordingly, the trial court did not abuse its discretion by denying the motion for reconsideration.

In her opening brief, appellant argues that because the trial court erred by declaring the parties' marriage void, she has no remedy to assert her interests in property acquired jointly by the

parties. She also asserts that the language of the order barring her contact with appellee violates her due process rights. However, appellant did not present these arguments to the trial court.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of these questions on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Appellant contends the trial court abused its discretion by awarding appellee attorney's fees.

The decision to award attorney's fees is left to the sound discretion of the trial court, and an award will be overturned on appeal only if the trial court abused its discretion. Kane v. Szymczak, 41 Va. App. 365, 375, 589 S.E.2d 349, 354 (2003). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Brooks v. Brooks, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998).

The record indicates that the trial court heard evidence concerning appellee's attorney's fees at the April 26, 2005 hearing, and appellant had notice of the hearing date. In addition, appellant's counsel attended the hearing and represented appellant's interests, and she was provided with a copy of the attorney's fees affidavit prior to entry of the April 27, 2005 order. On this record, we cannot say the trial court abused its discretion in awarding appellee attorney's fees.

Both parties request attorney's fees and costs incurred in this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the

- 4 -

opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because we hold that the appeal lacks merit, we grant appellee's request for costs and remand to the trial court to assess a reasonable attorney's fee in favor of appellee.

Accordingly, we summarily affirm the trial court's decision.[1]

Affirmed and remanded.

---

[1] Appellee requests in his brief that we dismiss appellant's appeal for her failure to comply with the procedural rules of this Court. We deny appellee's request.