COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Haley
Argued at Chesapeake, Virginia


DAVID S. KANTOR
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0370-05-1                      JUDGE WALTER S. FELTON, JR.
                                                         FEBRUARY 14, 2006
SHERYL J. KANTOR


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              H. Thomas Padrick, Jr., Judge

              Kimberly D. Shepherd (Samuel R. Brown, II; Christie, Kantor,
              Griffin & Smith, P.C.; Kaufman & Canoles, P.C., on brief), for
              appellant.

              No brief or argument for appellee.


       David S. Kantor appeals a judgment of the Circuit Court of the City of Virginia Beach,

denying his petition to modify his spousal support obligation based on a material change in

circumstances.  He contends that the trial court abused its discretion by:  1) arbitrarily

determining the amount of his income; 2) not finding a material change in circumstances

sufficient to warrant a decrease in his support obligation; and 3) awarding attorney's fees and

expert costs to wife.  For the reasons that follow, we affirm.

                                         BACKGROUND

       As the parties are familiar with the record below, we recite only those facts necessary to

the resolution of this appeal.

       David S. Kantor ("husband") and Sheryl J. Kantor ("wife") were married in August 1989.

Three children, aged 10 to 14 years old at the time of the proceedings below, were born of the

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

marriage. A final divorce decree was entered in the trial court in January 2003. Based on its determination that husband's annual income was $276,000 and wife's annual income was $27,000, the trial court awarded wife spousal support of $4,000 per month and child support of $1,900 per month.

In July 2004, following the divorce, wife began working full-time as an elementary school teacher, increasing her annual base salary by $9,440 to $36,440 per year. During this time period, husband asserted his income decreased from $276,000 per year to $204,360 per year. Husband contended his income decreased as a result of an involuntary change in his employment status from general manager of an insurance company, at an annual base salary of $240,000 plus additional business expenses, to his being an operator of an insurance field office where his income was based solely on commissions. At trial, both parties presented extensive expert testimony regarding husband's financial status. The trial court noted the difficulty caused by husband's failure to separate his personal and business accounts, and his failure to disclose a portion of his income, even to his own expert. Particularly, husband failed to disclose approximately $24,000 yearly in insurance policy "renewal" commission income that he directed to reduce debts owed to his creditors, including his father and current wife.

From the evidence, the trial court determined that neither wife's nor husband's changes in income constituted a material change of circumstance warranting a modification of husband's support obligation. In January 2004, the trial court entered a final order directing husband to continue to pay spousal support of $4,000 per month and to increase child support from $1,900 to $2,013 per month. Additionally, it awarded wife $16,000 in attorney's fees and $4,000 in costs. This appeal followed.

ANALYSIS

"A trial court has broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion." Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (internal quotations and citations omitted). In reviewing the record presented to us, "we consider the evidence in the light most favorable to the party prevailing in the trial court. Where the trial court's decision is based upon an *ore tenus* hearing, its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989) (citing Simmons v. Simmons, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986)). See also Code § 8.01-678.

I.

HUSBAND'S INCOME

Husband contends the trial court abused its discretion by arbitrarily determining his income to be $21,100 per month ($253,200 per year). The record reflects that the trial court heard conflicting expert testimony regarding the parties' respective income levels. Husband's expert opined that husband's income was $17,030 per month ($204,360 per year), based on his review of bank statements and other documents provided by husband. Husband's expert, however, indicated that he did not conduct a formal audit of husband's financial status.[1]

Wife's expert opined that husband's income was $22,891 per month ($274,692 per year) based on his review of financial documents provided by wife. He noted that his assessment of husband's financial status was complicated by husband's failure to disclose pertinent financial information to wife during discovery and husband's failure to separate his business and personal

---

[1] He testified that he did not conduct a formal "audit" because "that term has a specific meaning in the accounting world . . . [m]y work consisted merely of testing amounts, verifying them by examining supporting documents."

finances, particularly expenses. Because wife's expert was not provided a "general ledger" categorizing husband's business and personal expenses, he reconstructed husband's business and personal incomes from records provided to him, and determined which of husband's expenses were "ordinary and necessary" business expenses and which were personal in nature. In his calculations of husband's financial affairs, wife's expert made several "adjustments" to account for irregularities in husband's accounts. Significantly, he placed $50,524.16 in an "unknown disbursements" category because he was unable to determine whether the asserted expenses were business or personal in nature.

In our review of the trial court's judgment, we presume that the trial court considered the evidence presented to it and correctly applied the law to the facts it determined to exist. Barker v. Barker, 27 Va. App. 519, 543, 500 S.E.2d 240, 252 (1982). The judgment of a trial judge as to factual matters "is peculiarly entitled to respect for he saw the parties, heard the witnesses testify and was in closer touch with the situation than this Court, which is limited to a review of the written record." Brown v. Brown, 218 Va. 196, 200, 237 S.E.2d 89, 92 (1977). The trial court observed that in "looking at all the figures, taking into account the credibility issue," it had "tried to make sense of all of it" in determining husband's monthly income. We conclude from the record before us that the trial court, "taking into account the totality of the circumstances," did not abuse its discretion in determining husband's income to be $21,100 per month ($253,200 per year). It also did not err in finding wife's income to be $3,596.50 per month ($43,158 per year), including her base salary, $6,000 benefit credit,[2] and complimentary lunches in the school cafeteria.

_____

[2] Wife had the option of receiving the benefit credit in cash or applying the amount towards medical and dental benefits, exempt from taxation. Wife applied the entire benefit credit towards health insurance premiums for herself and her children.

II.

MATERIAL CHANGE IN CIRCUMSTANCE

Husband argues the trial court abused its discretion in not finding a material change in circumstances based on his and wife's relative changes in income. "Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." Code § 20-109. However, "[t]he moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30. A material change in circumstances must have occurred after the most recent judicial review of the award, see Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993), and "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay," Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). "The 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Id. at 419, 369 S.E.2d at 452-53.

The trial court is required to consider each of the factors enumerated in Code § 20-107.1(E) in determining whether to modify a spousal support award. However, it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). The court's findings "must have some foundation based on the evidence presented." Id. Here, while the trial court did not specifically enumerate each of the various factors in Code § 20-107.1(E), we conclude from the record that it properly considered those factors in arriving at its decision not to modify the existing spousal support award, and in finding that husband failed to prove a material change in circumstances sufficient to warrant modification of his spousal support obligation. The trial court indicated that husband's failure to disclose complete financial

- 5 -

information, especially his personal and business expenses to his own expert, as well as to wife's expert, "[made] it difficult for the [trial court] to really listen seriously about some of the evidence, because . . . if that was held back, maybe there is something else." It further noted that its decision, "[c]omes down to credibility."

We note that "the court, in setting support awards, must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future, not to what may happen in the future." Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (internal citations and quotations omitted). Thus, "this Court looks to objective evidence available at the time of the previous award of support in order to assess what increases in expenses might reasonably have been expected." Furr v. Furr, 13 Va. App. 479, 482, 413 S.E.2d 72, 74 (1992). When the trial court determined the initial spousal support award, it "anticipat[ed] that [wife] [would] be employed full-time earning more than her current employment." From the evidence presented, the trial court could reasonably conclude that wife's change of employment status from part-time to full-time, resulting in a corresponding increase in her salary, was reasonably foreseeable.

The trial court found husband's income at the time of these proceedings to be $253,200 per year and wife's income to be $43,158 per year. The record demonstrates that at the time the spousal support award husband now seeks to modify was established, husband's income was $276,000 per year and wife's income was $27,000 per year. Even with the wife's increase in income, husband's continued substantial income was dramatically greater than that of wife. From the record before us, we conclude that the trial court did not abuse its discretion, and was not "plainly wrong," in determining that the parties' salary differences, under the totality of the evidence presented it, did not constitute a material change in circumstances sufficient to warrant a modification of the existing spousal support award.

ATTORNEY'S FEES AND COSTS

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). To support the trial court's award of attorney's fees, "evidence in the record [must] explain or justify the amount of the award." Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988). "Where the trial judge finds that a fee award is justified, evidence of time expended and services rendered is a proper basis upon which to fix an award." Id.

Husband contends the trial court abused its discretion in awarding wife $16,000 in attorney's fees, as well as $4,000 in expert costs. He argues that wife's request for attorney's fees only appears in her motion to increase child support and is therefore limited to "an award of attorney's fees associated with this motion."[3] At trial, however, wife requested that the court award her attorney's fees and costs incurred there. The record reflects that she incurred attorney's fees of $28,869.40 in opposing husband's petition to reduce the amount of spousal support. She also incurred expert costs of $7,375 for an accountant to review husband's financial information. She presented bills to the trial court to support her request for those fees and costs. The trial court noted that "[b]y my figures I should be really granting about [$]30,000

---

[3] Husband initially petitioned the juvenile and domestic relations district court (district court) to reduce spousal support and child support. The district court reduced husband's spousal support to $3,400 a month and increased his child support obligation to$1,966 per month. Husband appealed the decision of the district court to the circuit court for a trial *de novo*. Thereafter, wife filed a motion in the circuit court to increase the amount of child support and requested the court to award her "attorney's fees associated with this motion."

in attorneys' fees, but the Court is taking into account the equity of it." We conclude from the record that the trial court did not abuse its discretion in awarding wife $16,000 in attorney's fees and $4,000 in expert costs associated with the litigation before it.

CONCLUSION

We find that the trial court did not err in determining husband's monthly income was $21,100 per month, based on an annual income of $253,200, as credible evidence in the record supports its finding. Furthermore, it did not abuse its discretion in determining that husband failed to show a material change in circumstances sufficient to warrant a reduction in his spousal support obligation. Finally, the trial court did not abuse its discretion in granting wife attorney's fees of $16,000 and costs of $4,000. Accordingly, we affirm.

Affirmed.