COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Retired Judge Hodges[*]


STEPHEN D. HOWARD

                                                        MEMORANDUM OPINION[**]
v.        Record No. 2219-08-2                              PER CURIAM
                                                         MARCH 17, 2009
JOEY L. HOWARD


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

(Denis C. Englisby; Englisby, Vaughn & Slone, on brief), for
appellant.

(Adrienne George-Eliades; The Eliades Law Firm, P.L.L.C., on
brief), for appellee.


        Stephen D. Howard (husband) appeals from the final decree entered by the trial court on

August 14, 2008.  Husband argues that the trial court erred by (1) awarding $1,000 per month in

spousal support to Joey L. Howard (wife); (2) finding that there was $55,000 in equity in the marital

residence; (3) failing to rule on the issue of the marital debt, specifically the mortgage; and

(4) awarding $15,000 in attorney fees to wife.[1]  Upon reviewing the record and briefs of the

_____

        [*] Retired Judge Hodges took part in the consideration of this case by designation
pursuant to Code § 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In his paragraph titled, "Conclusion," husband argues that the trial court erred in valuing
two motor vehicles.  However, this argument is not listed as a question presented, nor is it
mentioned in the argument section of the brief; therefore, we will not consider it.  See Rule
5A:20(c) and (e); Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542
S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the 'questions
presented,'. . . we, therefore, decline to consider [it] on appeal").

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

Husband and wife married on July 24, 1999, separated on June 17, 2005, and divorced on August 14, 2008. At the final hearing, both parties presented evidence regarding grounds for divorce, equitable distribution, spousal support, custody, child support, and attorney fees. After the hearing, each party prepared a memorandum of law. The judge issued an opinion letter awarding the divorce to wife based on living separate and apart for more than one year. The court also awarded wife spousal support in the amount of $1,000 per month, effective March 19, 2007, for four years. The court found that the former marital residence had $55,000 in equity and ordered that the equity be split equally. The court divided the remaining property and debts between the parties. The court ordered that the parties would have joint legal custody of their two children with wife having primary physical custody. Accordingly, husband was ordered to pay child support pursuant to the guidelines in Code § 20-108.2. The court also awarded $15,000 in attorney fees to wife. Husband timely noted his appeal.

## ANALYSIS

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

### Spousal Support

Husband argues that the trial court erred in awarding wife $1,000 per month in spousal support.

First, husband contends that since wife's income and expense statement showed a need of only $662 per month, the trial court erred in awarding her more than her need. Husband argues that

<u>Massie v. Firmstone</u>, 134 Va. 450, 114 S.E. 652 (1922), controls and that wife cannot receive more than what she sought.

However, wife's income and expense statement included the *pendente lite* support award of $1,761 per month. Therefore, her need was actually greater than what the trial court awarded her when the *pendente lite* award is subtracted from her income and expense statement.

Second, husband argues that wife's income and expense statement did not reflect her actual expenses, but instead her anticipated expenses.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. <u>Brooks v. Brooks</u>, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

The trial court adopted wife's explanation of her income and expenses and, in fact, it adopted her argument of the factors under Code § 20-107.1(E). Although husband questioned some of her expenses, wife explained them to the trial court. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." <u>Street v. Street</u>, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

The trial court did not abuse its discretion in awarding wife spousal support of $1,000 per month for four years.

<u>Marital Residence</u>

Husband argues that the trial court erred in valuing the equity in the former marital residence at $55,000.

The parties owned a house and several acres, which they agreed was marital property. The property was titled in husband's name. A realtor performed a market analysis in May 2007 and suggested a sales price of $213,000. On June 29, 2007, the realtor prepared a listing

agreement with $200,000 as the sales price. In July 2007, wife showed the house and property to a potential buyer who offered $175,000 in cash. This offer was not accepted. On October 24, 2007, the trial court entered a consent order whereby the parties agreed to list the former marital residence for sale with a realtor at a listing price of $200,000. There was one lien against the property at that time. During this time period, the bank threatened foreclosure when the mortgage had not been paid for several months. Husband received a loan of $9,289.58 to stop the foreclosure. After the entry of the October 24, 2007 order, husband sold the property without a realtor for $155,000.[2] The net proceeds were $24,436.57, which was held in escrow.[3]

At trial, wife argued that the value of the home was $185,000, and the balance of the mortgage was $109,715 as of September 2007. She concluded that the equity was $75,000. Husband argued that the value was $155,000, since that was the sales price. He concluded that the equity in the home was the amount of net proceeds being held in escrow, $24,436.67.

The trial court found that the amount of equity in the home was $55,000. The court ordered that the equity be divided equally. Wife would receive all of the net proceeds being held in escrow, as well as an additional $3,063.63 from husband.

Husband argues that there was no evidence before the court to support a finding that the equity in the home was $55,000. Since the net proceeds were $24,436.67, husband contends that the equity is the amount of the net proceeds, which should have been divided equally.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the

---

[2] Husband did not tell wife about the contract for sale. Wife found out about the sale when she drove by the house and discovered that it was being inspected for sale. Wife did not agree to the sales price.

[3] In November 2007, after the date of the contract for sale, but before the closing, a lien of $12,318.82 was recorded against the property. The amount included the $9,289.58 that husband borrowed to stop the foreclosure.

evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).  A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence."  Id. 413, 451 S.E.2d at 718.

Here, the trial court adopted wife's argument concerning the equitable distribution factors in Code § 20-107.3(E).  The trial court did not explain its calculation for valuing the equity at $55,000.  However, as wife asserts on brief, there is sufficient evidence in the record to support the ruling of $55,000.  Assuming the court adopted the value of $175,000, which was the cash offer from July, and subtracted the balance of the mortgage and the loan of $9,289.58, the remaining balance is approximately $55,000.  Therefore, the trial court did not err in valuing the equity in the former marital residence at $55,000.

### Marital Debt

Husband next contends that the trial court erred when it did not rule on the marital debt paid by husband even though husband presented evidence of the marital debt.  At trial, husband argued that since he paid more money than wife toward the mortgage payments and to stop the foreclosure, wife should reimburse husband for half of the marital debt that he paid, with credit toward the amount that she paid.

"Subject to these enumerated statutory factors [in Code § 20-107.3(E)], 'this division or transfer of jointly owned marital property, [the apportionment of marital debts,] and the amount of any monetary award, is within the sound discretion of the trial court.'"  von Raab v. von Raab, 24 Va. App. 239, 246, 494 S.E.2d 156, 159 (1997) (quoting Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993)).

Here, the trial court stated that it considered all of the factors in Code § 20-107.3(E) and adopted as findings wife's presentation of the equitable distribution factors.  The trial court also

stated in its opinion letter that it was not awarding any credits on the marital residence. When the court computed the equity in the former marital residence, it considered the associated debt. Therefore, the trial court did rule on the apportionment of the marital debt.

## Attorney Fees

Husband argues that the trial court erred when it awarded $15,000 in attorney fees to the wife.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

In her memorandum to the trial court, wife stated that she incurred $19,444.60 in attorney fees and costs. In his memorandum, husband stated that he incurred $18,601 in attorney fees and costs. While the matter was pending in the circuit court, wife filed three rules to show cause against husband, two motions to preserve the marital residence, and a motion for sanctions. In addition, husband's monthly income was $5,718, while wife's monthly income was $1,170.

Considering the circumstances in this matter, the award of attorney fees is reasonable, and the trial court did not abuse its discretion.

## CONCLUSION

The trial court's rulings on the spousal support award, the equity in the marital residence, the marital debt and mortgage payments, and the attorney fees award are summarily affirmed. Rule 5A:27.

Affirmed.