COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Beales and Senior Judge Annunziata


JOSE BERTO DARLEY

                                                          MEMORANDUM OPINION[*]
v.       Record No. 1216-09-4                                  PER CURIAM
                                                          OCTOBER 6, 2009
ELICIA PATRICIA DARLEY


                 FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                             William D. Hamblen, Judge

                 (Timothy W. Graves; A Attorney LLC, on briefs), for appellant.

                 (Donald R. Daugherty; The Daugherty Law Firm, P.C., on brief), for
                 appellee.


        Jose Berto Darley (husband) appeals from a final decree granting a divorce to Elicia Patricia

Darley (wife).  Husband contends the trial court erred in awarding (1) spousal support and fifty

percent of husband's net military retirement pay to wife when there was no evidence that husband

had additional income besides his military retirement pay; (2) spousal support that exceeds the

standard of living established during the marriage and separation; and (3) attorney's fees to wife.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                         BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on September 17, 1971. During the marriage, husband was in the military. On or about August 31, 1999, the parties separated, and husband moved to Panama.[1]

Since 2001, wife had received spousal support from husband. In 2005, wife obtained a spousal support order from the juvenile and domestic relations district court, which awarded her $500 per month.

On July 23, 2007, husband obtained an *ex parte* divorce in Panama. In May 2008, husband filed a complaint for affirmation of divorce in Prince William County. He asked the trial court to acknowledge the foreign divorce, or in the alternative, to award him a divorce on the grounds that the parties have lived separate and apart for more than one year. Wife filed an answer and counterclaim.

As of the date of the final hearing, husband continued to live in Panama and did not attend the final hearing.

Wife testified about her financial situation. In April 2008, she was laid off from her employer and had not found employment at the time of the hearing. In addition to the $500 monthly spousal support award, she received $458 from Social Security and $160 from food stamps. She relied on assistance from her children and credit cards to meet her living expenses.

The trial court awarded wife fifty percent of the marital share of husband's military retirement pay, $600 per month in spousal support, and $1,500 in attorney's fees. Husband timely noted his appeal.

---

[1] Both parties have dual citizenship in the United States and Panama. The parties lived in Panama for a portion of their marriage, and wife alleged that husband had an affair with a woman in Panama.

ANALYSIS

Spousal Support

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

Husband argues that the trial court erred when it awarded wife spousal support, in addition to fifty percent of his military retirement pay, when there was no evidence that husband had income in addition to his military retirement pay. Since husband did not appear at trial, he could not testify about any additional income that he received other than his military retirement pay, to which the parties stipulated.

Wife requested an equitable distribution award of fifty percent of husband's military retirement pay and a spousal support award.

This Court has previously explained that requests for a division of retirement under equitable distribution differ from requests for spousal support. "The one-time equitable distribution of property completed by Code § 20-107.3 is based on the accrued rights of the parties in the distributed property. This is a separate consideration from that necessary to measure the current financial positions of the parties in determining spousal support under Code § 20-107.1." Moreno v. Moreno, 24 Va. App. 190, 198, 480 S.E.2d 792, 796 (1997). Code § 20-107.1 specifically states that in determining a party's income, the trial court shall consider "income from all pension, profit sharing or retirement plans." Code § 20-107.1(E)(1); see also Moreno, 24 Va. App. at 198-99, 480 S.E.2d at 796-97. "[T]he income received by husband from his share of the distribution of his pension is a fungible asset that may be considered as a resource when determining the amount of his spousal support obligation." Moreno, 24 Va. App. at 204, 480 S.E.2d at 799.

Accordingly, the trial court did not err when it awarded wife fifty percent of husband's military retirement pay and spousal support, since the retirement award under equitable distribution differs from the spousal support award.

Husband also argues that the spousal support award in addition to the equitable distribution award exceed wife's standard of living. Husband points out that since 2005, wife had received $500 per month in spousal support and $0 from husband's military retirement pay. With the trial court's ruling, wife now would receive $600 per month in spousal support and approximately $670 per month from the military retirement. This additional income exceeds what she previously received and with which she supported herself.

Wife testified that she had been laid off from her employment and unemployed since April 2008. She has been forced to use food stamps and to borrow money from her credit cards and her children to pay for her living expenses. Wife submitted an income and expense statement, which included her social security income, estimated income from the military retirement pay, and her food stamps. Her income and expense statement showed a monthly deficit of approximately $2,000. Wife clearly had the need for spousal support.

In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The trial court's award of spousal support did not exceed wife's standard of living during the marriage. Wife testified that she had been employed during the marriage, and she and her husband lived in a four-bedroom house in Panama. Now, she is not employed, uses food stamps, and borrows money to pay for her monthly expenses. She also has health concerns, including

diabetes, glaucoma, and back problems. In awarding spousal support, the trial court considered the factors in Code § 20-107.1, especially the length of the marriage, wife's health, and wife's earning capacity.

The trial court did not err in awarding wife spousal support and fifty percent of husband's military retirement pay.

Attorney's fees

Husband argued that the trial court erred in awarding wife $1,500 in attorney's fees.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife requested $4,000 in attorney's fees. The trial court awarded her $1,500. Given the circumstances of this case, the trial court did not abuse its discretion in awarding wife $1,500 in attorney's fees.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.