COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued at Richmond, Virginia


MARTHA BURKS BURTON

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1931-11-4           CHIEF JUDGE WALTER S. FELTON, JR.
                                                APRIL 3, 2012
ROBERT GRAHAM BURTON


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                                Charles S. Sharp, Judge

            C. Randall Stone (Stone Law Firm, PLC, on brief), for appellant.

            Lawrence D. Diehl (Brandy M. Poss; Barnes & Diehl, P.C., on
            brief), for appellee.


        Martha Burks Burton ("wife") appeals from a final order of the Circuit Court of Stafford

County ("trial court"), awarding a divorce *a vinculo matrimonii* to Robert Graham Burton

("husband") on the ground of desertion, pursuant to Code § 20-91(6), and in its division of the

marital estate.  Wife asserts the trial court erred in finding a deed transferring to husband any

interest she had in real estate acquired by husband before the marriage, described as Lots A, B, and

C on 1441 Warrenton Road in Stafford, Virginia, was a valid deed of gift.  Wife also contends the

trial court erred in the amount and duration of spousal support it ordered husband to pay her.

Finally, wife contends the trial court erred in classifying a $308,500 stipulated increase in value to

Burton's Automotive, Inc. ("BAI"), a company acquired by husband before the marriage and solely

owned by him, as hybrid property instead of marital property.

        Wife and husband each request the award of attorney's fees on appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On appeal, we view the evidence in the light most favorable to husband, the party prevailing below, "and grant all reasonable inferences fairly deducible therefrom." Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). Wife and husband married in Virginia on July 10, 1984. The marriage was the second marriage for both parties. There were no children born of their twenty-four-year marriage.[1] Wife filed a bill of complaint in 2008 seeking a divorce from husband, alleging cruelty and constructive desertion. Husband filed a cross-complaint alleging desertion on the part of wife.

### A.

The trial court heard testimony from multiple witnesses over three days. Among other matters, each party testified regarding the deed of gift they executed on May 11, 1987, a deed conveying any interest wife had in Lots A, B, and C to husband. Wife testified that she did not remember ever seeing the deed and would not have signed the deed had she known what it was. She conceded, however, that the signature on the deed "look[ed] like" her signature. She also admitted that she suffered from some memory loss, but stated at the time of trial her memory loss was "better now than it was." Husband testified that he owned the lots in issue prior to marriage, that he never transferred any interest in that property to wife, and that wife executed the deed of gift of any interest she might have owned in those lots in order for husband to obtain a business loan using that property as security for the loan.

Ronald N. Morris, a forensic document examiner, testified in husband's behalf regarding the validity of the signatures on the deed of gift. Mr. Morris unequivocally concluded that wife

---

[1] At the time the parties married, wife had three minor daughters and husband had one son.

signed the deed of gift and further concluded that "in all probability" the notary public signed the deed of gift.

### B.

Husband and wife stipulated that BAI, acquired by husband in 1968 prior to the marriage and titled separately and solely to him, increased in value by $308,500 during the marriage. William Henderson, a certified public accountant and business valuation expert, testified in husband's behalf that $186,968 of the increase in value to BAI was due to passive factors of nominal inflation and population growth. Wife's expert, Robert R. Raymond, also a certified public accountant and business valuation expert, faulted husband's expert's analysis that passive factors, rather than husband's personal efforts or contributions of marital property, contributed to BAI's increase in value.

### C.

In its letter opinion dated May 18, 2011, the trial court found from the evidence presented that wife and the notary public signed the deed of gift, that the language in the deed was unequivocal, and that Lots A, B, and C were husband's separate property. It also found that the $308,500 increase in value to BAI was hybrid, not marital, property. Finally, the trial court "found that [wife] deserted the marriage without justification," but, in consideration of wife's age, her health, and the length of the marriage, it ordered husband to pay $2,500 per month to wife for support and maintenance, commencing on June 1, 2011 and continuing for six years.[2]

The trial court entered its final order of divorce on June 27, 2011. Wife objected to that order and filed a motion for the trial court to reconsider its rulings. She asserted, among other things, that the trial court erred in finding that the deed of gift transferring to husband any interest

---

[2] At the time of the support award, wife was sixty-two years old and husband was sixty-nine years old.

she had in Lots A, B, and C was a valid deed of gift, that it erred in classifying the increase in value to BAI as hybrid property rather than marital property, and that it erred in calculating the amount and duration of spousal support awarded to her. The trial court denied wife's motion for reconsideration of its final order of divorce. Wife timely filed this appeal.

## II. ANALYSIS

### A. Deed of Gift

Wife asserts the trial court erred in finding from the evidence presented that she and the notary public signed the deed of gift conveying any interest she had in Lots A, B, and C to husband. She asserts that, based on the lack of sufficient evidence that the deed was notarized, the trial court also erred in finding that the deed was properly recorded.

A trial court's factual findings, derived from the evidence presented to it, are "entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support [them]." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997).

Ronald N. Morris, husband's expert forensic document examiner, unequivocally concluded that wife signed the deed of gift. The trial court found that wife, in fact, signed the May 17, 1987 deed of gift and that her testimony denying she had done so was "less than honest." A trial court has discretion to accept or reject expert testimony. Id. The trial court found Morris's testimony to be persuasive, and there is nothing in the record on appeal to indicate that Morris's testimony was inherently incredible. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Id.

Morris further concluded that "in all probability" Ms. Keffer, the notary public, signed the notary certificate attesting wife's signature on the deed of gift. The trial court stated that it was "not convinced by the testimony of the purported notary that she did not witness the

signatures." Evidence in the record supports the trial court's finding, including Keffer's testimony that, while she was not certain she attested wife's signature on the deed of gift, she admitted that she simply could have forgotten how she came to sign the attestation clause.

From the record on appeal, we cannot say that the trial court's finding regarding the validity of the signatures on the deed of gift was plainly wrong or without evidence to support it. Accordingly, we affirm the trial court's ruling that wife conveyed any interest she had in Lots A, B, and C to husband by deed of gift in May 1987 and that the lots were husband's separate property.

### B.  Spousal Support

Wife also asserts the trial court erred in ordering husband to pay her $2,500 per month for spousal support and maintenance for a defined duration of six years.[3] She argues the trial court's ruling improperly requires her to support herself by spending the assets awarded to her in equitable distribution. She further contends that the trial court improperly considered her fault in bringing about the dissolution of the marriage in fashioning the amount and duration of the spousal support award. See Code § 20-107.1(E) ("The [trial] court, in determining *whether* to award support and maintenance for a spouse, shall consider the circumstances and factors which contributed to the dissolution of the marriage," but shall consider only the factors enumerated in Code § 20-107.1(E)(1)-(13), which do not include fault, in determining the "nature, amount[,] and duration of an award." (emphasis added)).

When determining a spousal support award, the circuit court "must consider all the factors enumerated in Code § 20-107.1(E)," Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128

---

[3] Wife provides no argument in her opening brief in support of her assertion that the trial court erred in awarding spousal support for a defined duration. Statements unsupported by argument or authority do not merit appellate consideration. Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003). Accordingly, we do not address wife's assertion that the trial court erred in awarding spousal support for a defined period of time.

(2005), and set forth "findings or conclusions identifying the [Code § 20-107.1(E)] factors . . . that support the spousal support award," Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007). When the record demonstrates, as it does here, that the trial court has duly considered the Code § 20-107.1(E) factors, "its determination 'will not be disturbed except for a clear abuse of discretion.'" Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (quoting Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986)).

In its May 18, 2011 opinion letter, the trial court explicitly stated that it "consider[ed] all the statutory factors of [Code §] 20-107.1(E) in determining whether such an award [for spousal support] [was] appropriate." The trial court stated it considered wife's age, "limited employment skills[,] and credible medical complaints," in addition to making specific findings of fact regarding the duration of the marriage, contributions of each party during the marriage, property interests, the standard of living established during the marriage, and the provisions made with regard to marital property pursuant to Code § 20-107.3. Nothing in the record on appeal suggests that the trial court's spousal support award required wife to spend the assets assigned to her in equitable distribution in order to support herself. Likewise, there is no evidence in the record that the trial court reduced the amount or duration of the spousal support award based upon wife's desertion.

Finding no error in the trial court's award of spousal support to wife in the amount of $2,500 per month payable for six years' duration, we affirm.

### C. Classification of Increase in Value to BAI as Hybrid Property

Wife asserts the trial court erred in classifying the stipulated $308,500 increase in BAI's value during the marriage as hybrid property, rather than marital property.

On appeal, a trial court's equitable distribution award will not be overturned unless the Court finds "an abuse of discretion, misapplication or wrongful application of the equitable

distribution statute, or lack of evidence to support the award." <u>McIlwain v. McIlwain</u>, 52 Va. App. 644, 661, 666 S.E.2d 538, 547 (2008).

BAI was presumed to be husband's separate property because he acquired it before the parties married. Code § 20-107.3(A)(1).

In order for a trial court to find that an increase in value of a party's separate property, or any part thereof, is marital property, the non-owning spouse must prove that: (1) contributions of marital property or personal effort were made; and (2) the separate property increased in value. Code § 20-107.3(A)(3)(a). "Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort." <u>Id.</u> Accordingly, if the owning spouse proves that passive factors, rather than personal effort or contribution of marital property, accounted for an increase in value during the marriage, that portion of the increase cannot be classified as marital property. <u>Rowe v. Rowe</u>, 24 Va. App. 123, 133, 480 S.E.2d 760, 764 (1997).

The trial court found that wife met her burden of proving that husband's personal efforts during the marriage were significant and resulted in a substantial appreciation of the value of BAI. It also found that husband met his burden of proving that a portion of the increase in value was caused by passive factors, and not as a result of contributions of marital property or personal effort.

The trial court found the testimony of husband's valuation expert, William Henderson, to be persuasive. It concluded that the testimony of wife's expert witness, Robert Raymond, failed to rebut Henderson's unequivocal testimony that $183,968 of the increase in value of BAI was due to the passive factors of inflation and population growth. The resolution of "conflicting expert testimony to determine an asset's value" is a factual determination that is within the trial

court's discretion. Howell v. Howell, 31 Va. App. 332, 341, 523 S.E.2d 514, 519 (2000). A trial court's resolution of conflicting expert testimony will only be reversed upon a showing of plain error. Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002).

Wife has failed to establish any error by the trial court to justify a reversal of its decision that a portion of the increase in the value of BAI resulted from passive factors, and not as a result of husband's personal effort or contributions of marital property. Accordingly, we cannot say that the trial court's finding that the increase in value to BAI was hybrid property, rather than marital property, was plainly wrong or without evidence to support it.

### D. Attorney's Fees on Appeal

Husband and wife each request an award of their attorneys' fees on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996) (footnote omitted).

On review of this appeal, we find that wife presented numerous assignments of error that were not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Accordingly, we award attorney's fees to husband and remand to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand.

Affirmed.