UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Huff and AtLee

SONDRA SCHNEIDER

v.      Record No. 0396-22-4

ERNEST BRANT AND
 JOCELYN BRANT

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 4, 2022

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Tania M.L. Saylor, Judge

(Sondra Schneider, on briefs), *pro se*.

(Robert L. Vaughn, Jr.; The Vaughn Law Firm PLC, on brief), for
appellees.


Appellant Sondra Schneider appeals from the circuit court's orders dismissing her

warrant-in-debt against Ernest Brant and Jocelyn Brant (the Brants) and granting the Brants' motion

for sanctions. Schneider argues that the circuit court erred in dismissing her case without leave to

amend because her complaint stated "sufficient facts demonstrating all essential elements of

claims." Schneider also asserts that the circuit court erred in granting the Brants' motion for

sanctions because her complaint was "neither meritless nor frivolous." After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND

On June 9, 2020, Schneider filed in the general district court a warrant-in-debt against the

Brants for breach of contract. Schneider alleged in her bill of particulars that she entered a lease

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

agreement with the Brants on November 15, 2017, for the rental of a condominium unit. According to Schneider, the lease agreement required her to pay "a total of $93,198.90, payable in monthly installments of $3,800 per month from 11/15/2017 through 11/30/2019." Schneider further alleged that she moved out of the condominium unit on November 12, 2019.

As to her claims against the Brants, Schneider alleged that the Brants owed her $380 due to her overpayment of rent and $8,900 for the "diminution of rental property." In explaining the purported diminution, Schneider alleged that "a roof structure leak" had affected the condominium unit, leaving the "Master Suite unusable and unoccupied from May 17 – October 30, 2018." Schneider requested "damages for 1/3 of the $3,800 rent paid ($1,266.66) for 6 months in the amount of $7,600.00 as measured by not having use of 1/3 condo for a 6 month period." Schneider also requested other miscellaneous damages totaling $1,300 based on her claim that the "ice maker and oven did not work well." Finally, Schneider requested that the general district court sanction the Brants "no less than $2,500" for "breach of tenant privacy."

The Brants filed an answer, counterclaim, and motion for sanctions. In their motion for sanctions, the Brants claimed that Schneider's warrant-in-debt was "the second action" filed by Schneider against them, the first of which "was filed in retaliation for the [Brants] bringing an unlawful detainer action against [Schneider] for her failure to pay rent and for related non-monetary breaches of the lease."[1] The Brants asserted that Schneider filed her second action "for retaliatory purposes" and that "[t]he underlying allegations of [Schneider's second action] are an exact rehash of the various claims raised by her in the unlawful detainer action in support of her contention that she did not owe the [Brants] the full amount due under the terms of the [lease]."

---

[1] The Brants' motion for sanctions attached an order entered by the circuit court in Schneider's first lawsuit, awarding the Brants $3,112.50 in sanctions.

On July 12, 2021, the general district court entered judgment in favor of the Brants; Schneider appealed to the circuit court. The Brants filed a demurrer to Schneider's warrant-in-debt in the circuit court asserting, among other things, that Virginia does not recognize a cause of action for "diminution in rental value" and that her claims were barred by *res judicata*. The Brants also filed a motion for sanctions based on Schneider's "filing [of] a meritless and harassing appeal" and "multiple and baseless Warrants in Debt and Motions to Rehear."[2]

The Brants sought a hearing on their demurrer for October 8, 2021, and the circuit court, at Schneider's request, continued the hearing to November 12, 2021. Schneider failed to appear at the November 12, 2021 hearing.[3] The record does not include a transcript, or written statement of facts in lieu of a transcript, of that hearing. The circuit court sustained the demurrer and dismissed the case with prejudice but suspended its judgment pending resolution of the Brants' motion for sanctions.

On November 18, 2021, Schneider filed a motion to "rehear the demurrer granted on default," claiming that she was "unavoidably unable to appear in court" because she was the sole member of Security University and had a sudden schedule conflict regarding accreditation of the school on the day of the hearing. Without addressing the merits of the Brants' demurrer, Schneider claimed that the "[circuit] court would have overruled the Demurrer and allowed a judge or jury to decide if the landlord was in breach of our contract." The circuit court denied Schneider's motion noting that she had "not raised any issues such that this [c]ourt should reverse" its order.

On December 17, 2021, the circuit court held a hearing on the Brants' motion for sanctions. The record does not include a transcript, or written statement of facts in lieu of a transcript, of that

---

[2] Although the Brants' motion for sanctions is captioned as being filed in the general district court, the file stamp reflects that the motion was in fact filed in the circuit court.

[3] Judge Penney S. Azcarate presided over the hearing on the demurrer and entered the order on November 12, 2021.

- 3 -

hearing either. By a final order dated the same day, the circuit court granted the Brants' motion for sanctions and awarded them $11,550. According to the order, Schneider appeared and argued for over an hour and refused to sign the order. On January 7, 2022, Schneider filed a motion to reconsider asking that the circuit court reconsider the award of sanctions and vacate the judgment for sanctions.[4] The circuit court did not rule on Schneider's motion to reconsider, and Schneider appealed to this Court.

## ANALYSIS

On appeal, Schneider argues that the circuit court erred by sustaining the Brants' demurrer and granting the Brants' motion for sanctions. We find that Schneider failed to preserve her arguments for appeal.

### A. Demurrer

Schneider contends on appeal that the circuit court erred by sustaining the Brants' demurrer because she "pled enough facts in support of her claim for breach of contract" and that the Brants "breached [their] duty to maintain the premises in compliance with the [Virginia Uniform Statewide Building Code]." Schneider further contends that she "had standing to bring this action," "demonstrated sufficient facts of her entitlement for recovery of damages based upon the diminution in the fair rental value of the dwelling," and was excused from her "obligation to pay [rent] due to wrongful deprivation of her ability to use a part of the premises."

We do not address the merits of Schneider's arguments because she failed to preserve them for appeal. "Ordinarily, '[t]he Court of Appeals will not consider an argument on appeal

---

[4] Schneider's motion to reconsider was apparently filed at 3:36 p.m. on Friday, January 7, 2022, the last day on which the circuit court retained jurisdiction over the matter. *See* Rule 1:1 ("All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."). On March 30, 2022, after Schneider had noted her appeal to this Court, the circuit court found that it no longer had jurisdiction to consider Schneider's motion to reconsider and denied the motion.

which was not presented to the trial court.'" *Fletcher v. Commonwealth*, 72 Va. App. 493, 510 (2020) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." In this case, the record does not show that Schneider presented her arguments in opposition to the Brants' demurrer before the circuit court that she now raises on appeal. By her own admission, Schneider did not appear at the hearing on the demurrer. Her motion for rehearing on the demurrer includes some general explanation of demurrer pleadings and merely states her belief that the "court would have overruled the Demurrer and allowed a judge or jury to decide if the landlord was in breach of our contract," without further explanation. This is the only position Schneider took in response to the circuit court's ruling on the demurrer. At best, Schneider's statement could be construed as a "mere statement that the judgment or award is contrary to the law," which "is not sufficient to preserve the issue for appellate review." Rule 5A:18. Therefore, we affirm the judgment of the circuit court regarding the demurrer.

## B. Motion for Sanctions

Schneider argues on appeal that the circuit court erred in granting the Brants' motion for sanctions under Code § 8.01-271.1 because her "pleading was well grounded in fact and warranted by existing law" and based on her claim that "[t]he trial court did not award the sanctions because it found that [she] was using the present litigation for an improper purpose." The record, however, does not contain a transcript, or written statement of facts in lieu of a transcript, from the hearing on the Brants' motion for sanctions. "On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide the appellate court with a record which substantiates the claim of error. In the absence of a sufficient record, we will not consider the point." *Dixon v. Dixon*, 71 Va. App.

709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

Although the record reflects that Schneider "appeared and argued for over an hour," the record does not include an account of the testimony or arguments presented to the circuit court. With no record of the arguments Schneider made or the positions she took at the December 17, 2021 hearing, we cannot know that Schneider presented the specific argument she advances on appeal to the circuit court. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court). The record is also devoid of facts relevant to resolving this assignment of error. We conclude that a transcript, or written statement of facts in lieu of a transcript, from the December 17, 2021 hearing is indispensable to a determination of Schneider's second assignment of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). We further conclude that the failure to file transcripts or statement of facts is a significant defect in this case. *See Jay v. Commonwealth*, 275 Va. 510, 520 (2008); *cf.* Rule 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate). In light of this significant defect, we affirm the circuit court's decision regarding sanctions.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.[5]

*Affirmed.*

---

[5] The Brants requested that "the matter be returned to the Circuit Court for the determination of fees and costs pursuant to Rule 1:1A." Rule 1:1A, however, does not require remand, as it provides that "the circuit court has continuing jurisdiction of the case for the purpose of adjudicating" an application thereunder.