COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Fulton and White

WILLIAM J. MAJOR, III

MEMORANDUM OPINION*

v.      Record No. 0535-22-4                                          PER CURIAM
                                                                    DECEMBER 29, 2022

ANTOINETTE E. DACK


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

(Mehagen D. McRae; Fayez Goriup McRae PLLC, on briefs), for
appellant.

(Laura C. Dove; Mullett Dove & Bradley, PLLC, on brief), for
appellee.


The circuit court awarded William J. Major, III (husband) a divorce from Antoinette E.

Dack (wife). On appeal, husband contends that the circuit court abused its discretion by precluding

him from offering rebuttal evidence in opposition to wife's request for attorney fees and by

awarding her $210,095.81 in attorney fees. After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the judgment

of the circuit court.

BACKGROUND

Husband and wife married on May 30, 2008, and are the parents of a child. On March

23, 2020, husband filed a complaint for divorce and requested that the circuit court grant him a

divorce from wife, equitably distribute the parties' assets, determine the legal and physical

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

custody of their child, award him *pendente lite* and permanent spousal and child support, and award him attorney fees and costs. Wife filed an answer and counterclaim for divorce requesting the same relief, including that the circuit court award her attorney fees and costs.

Over the course of the litigation, wife filed three motions to compel husband to fully respond to her discovery requests and to award her attorney fees. The parties agreed to resolve each motion, and the circuit court reserved wife's request for attorney fees under her first two motions for resolution at the final hearing in the case.[1]

On December 21, 2021, the circuit court entered a final custody and visitation order based on the parties' "partial agreement" regarding custody and participation in "binding arbitration." The circuit court also entered a final order of divorce the same day, which reflected the parties' agreement on "all issues of equitable distribution, spousal support and child support, with the exception of attorney fees." The parties had agreed to bifurcate the issue of attorney fees, and the circuit court specifically reserved jurisdiction for a determination of attorney fees.[2]

On March 3, 2022, the parties appeared for a hearing on wife's request for attorney fees.[3] The record does not include a timely filed transcript from the hearing or a written statement in lieu of a transcript. On March 7, 2022, the circuit court entered an order based "upon the argument of counsel and presentation of evidence," directing husband to pay wife $210,095.81

---

[1] The circuit court awarded wife attorney fees in the amount of $1,250 for her third motion to compel.

[2] The circuit court's final order of divorce also reserved jurisdiction for a determination of the issues pertaining to the parties' "TriVista Refund" and husband's child support arrearages. The circuit court's March 7, 2022 order reflects, however, that wife was "no longer seeking reimbursement of the TriVista Refund" and that husband fully paid his child support arrearages on January 19, 2022.

[3] Husband elected not to proceed on his request for attorney fees.

for her attorney fees and costs. The final order also included a handwritten statement from the circuit court stating:

> Having heard substantial proffers and argument—evidence in the record—and having balanced the equities in this case, an award of attorney fees to [wife] is appropriate and the [c]ourt rejects the argument that the equitable distribution and spousal support awarded—agreed to by the parties—somehow places them in financial parity—it does not and the e.d. and sp. support awards are in consideration of the marriage and the standard of living within it.

The circuit court waived endorsements of the order under Rule 1:13. On April 6, 2022, husband filed his written objections to the circuit court's March 7, 2022 order, along with his notice of appeal.

## ANALYSIS

On appeal, husband contends that the circuit court abused its discretion by precluding him from offering rebuttal evidence in opposition to wife's request for attorney fees and by awarding her $210,095.81 in attorney fees. The record, however, does not contain a timely filed transcript from the March 3, 2022 hearing or a written statement of facts in lieu of a transcript. Rule 5A:8(a) states that "[t]he transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." In this case, husband filed the requisite transcript in this Court, not the circuit court's clerk's office, on May 27, 2022, which was 81 days after the circuit court entered its final judgment. Furthermore, husband did not file a written motion requesting that the Court extend the deadline for him to file the transcript under Rule 5A:8(a).

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020)

- 3 -

(alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

In this case, husband asserts that the circuit court abused its discretion in granting wife's request for attorney fees because "[t]he record does not show any evidence that [his] conduct compounded the cost of litigation requiring him to reimburse fees" or that he "unnecessarily prolonged the litigation or unnecessarily frustrated the litigation process." He also contends that the circuit court further abused its discretion by precluding him from presenting "rebuttal" or "additional evidence" at the March 3, 2022 hearing. In support of his position, husband relies on the evidence presented and arguments made at the March 3, 2022 hearing.

With no record of the arguments husband made or the positions he took (or possibly abandoned) at the March 3, 2022 hearing, we cannot know whether he presented the specific arguments he advances on appeal to the circuit court or if his appellate argument repudiates a position that he may have taken in the circuit court, let alone whether the circuit court abused its discretion as he claims. *See* Rule 5A:18 (providing that an appellate court will only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Indeed, the circuit court's order specifically states that it heard "substantial proffers and argument" at the March 3, 2022 hearing. We conclude that the transcript, or a written statement of facts in lieu of a transcript, from the March 3, 2022 hearing is indispensable to our determination of husband's assignments of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). We further conclude that the failure to file

- 4 -

transcripts or a statement of facts is a significant defect. *See Jay v. Commonwealth*, 275 Va. 510, 520 (2008); *cf.* Rule 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate). The defect necessitates affirmance of the circuit court's decision.

Wife requests that the Court award her attorney fees and costs she incurred on appeal based on husband's "failure to comply with the Rules of Court, the unsubstantiated positions taken by him on appeal and the disparate financial income and resources of the parties." "This Court has the discretion to grant or deny attorney's fees incurred on appeal." *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021). "In making such a determination, the Court considers all the equities of this case." *Id.*; *see* Rule 5A:30(b)(3). After considering the record before us and the equities of the case, we deny wife's request for appellate attorney fees and costs.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.