COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Haley and Petty
Argued at Salem, Virginia


LUCIAN DABNEY ROBINSON
                                                        OPINION BY
v.        Record No. 2661-06-3                          JUDGE WILLIAM G. PETTY
                                                        AUGUST 7, 2007
SUSAN BELLER ROBINSON


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                   William R. Shelton, Judge Designate

         H. Gregory Campbell, Jr. (Bettye Ackerman, on brief), for appellant.

         Monica Taylor Monday (David G. Weaver; Whittney R. Bradshaw;
         Gentry Locke Rakes & Moore; Weaver Law Firm, on brief), for
         appellee.


        Lucian Robinson (husband) appeals the final decree of divorce awarding Susan Robinson

(wife) spousal support. On appeal, he argues that: (1) the trial court failed to make written findings

and conclusions identifying the factors in Code § 20-107.1(E) that supported the spousal support

award; (2) the trial court failed to consider the income available to wife when determining how

much spousal support to award to wife; and (3) the trial court erred by awarding spousal support to

wife for the one and one-half month period preceding the parties' separation agreement. Both

parties seek an award of attorney's fees and costs incurred in connection with this appeal. For the

reasons that follow, we reverse in part, affirm in part, and remand for proceedings consistent with

the rulings expressed herein.

                                        I. Background

        We view the evidence, and all reasonable inferences flowing from the evidence, in a light

most favorable to wife as the party prevailing below. Congdon v. Congdon, 40 Va. App. 255,

258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

Husband and wife were married on June 21, 1969, and separated thirty-five years later on June 21, 2004. On August 10, 2004, husband and wife entered a written agreement regarding temporary spousal support.[1] On February 1, 2005 wife filed for divorce. On June 14, 2005, the trial court entered an order awarding temporary support for wife in an amount "agreed upon by the parties pursuant to the Agreement dated August 10, 2004." Wife further requested temporary spousal support "retroactive to January 15, 2005, the last date on which the defendant paid temporary spousal support" pursuant to the support agreement. The trial court took this request under advisement, "because the court does not want to award support retroactively in an unknown amount . . . ."

Before trial, the parties entered a stipulation resolving certain issues of equitable distribution and agreed that "all marital property shall be divided equally except the retirement assets." Under the stipulation, the retirement assets were "subject to equitable division by the [trial] court." Spousal support was neither addressed nor resolved by the stipulation and was the subject of a trial held on March 29 and 30, 2006.

On September 25, 2006, the trial court entered a final decree of divorce. For purposes of this opinion, the pertinent provisions of the trial court's decree include the following rulings: (1) the trial court awarded wife spousal support of $5,000 per month; and (2) the trial court awarded wife temporary spousal support for the time period in which husband failed to provide

---

[1] Neither party sought to admit this agreement into evidence at trial, nor is it part of the record on appeal. The parties agreed not to disclose the amount of temporary support set forth in the August 10, 2004 agreement; therefore, this figure was not revealed at trial.

support and set the amount at $26,675.[2] The decree specified that this amount included "the unpaid support for the month and one-half between the date of separation and the time she began receiving temporary spousal support, and the months between February and May 2005."[3]

Husband appeals this final decree of divorce.

## II. ANALYSIS

Husband raises three issues on appeal. He argues the trial court erred: (1) by failing to make written findings and conclusions identifying the factors in Code § 20-107.1(E) which supported the spousal support award; (2) by failing to consider the income available to wife when determining how much spousal support to award to wife; and (3) by awarding spousal support to wife for the one and one-half month period preceding the parties' temporary support agreement.

In response to husband's argument that the court failed to provide written findings, wife asserts a twofold argument: (1) the case was not "contested" because husband consented to wife receiving spousal support and only litigated the amount; therefore, she reasons, Code § 20-107.1(F) does not apply; and (2) in any event, the spousal support award is supported by evidence in the record and, after consideration of the record, we should affirm the trial court's judgment. Wife also asserts that husband waived his right to object to any temporary support award, and she is seeking recovery of her attorney's fees on appeal.

---

[2] The record is silent on how the trial court arrived at this amount.

[3] Apparently, the trial court issued a letter opinion to the parties explaining his ruling. However, the opinion was never filed with the clerk of the trial court, nor was it otherwise made part of the record. Accordingly, we are unable to consider it in reaching our conclusion.

We hold that spousal support in this case was a contested matter, and we reverse the spousal support award because the decree neither contains nor incorporates explicit written findings and conclusions supporting the award as required by statute.[4]

We rely upon the following legal principles in analyzing the spousal support issues before us. "A trial court has broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion." Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations and internal quotation marks omitted). However, where a trial court is required to make written findings supporting its decision, its failure to do so constitutes reversible error. Cf. Buchanan v. Buchanan, 14 Va. App. 53, 56-57, 415 S.E.2d 237, 239 (1992) (holding that an award of child support that deviated from the guidelines without written findings justifying the award must be reversed and remanded for redetermination).

1. Application of Code § 20-107.1(F)

Code § 20-107.1(F) provides, in pertinent part, that, "[i]n *contested* cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order." (Emphasis added). Wife contends Code § 20-107.1(F) does not apply in this case because husband consented to wife receiving spousal support. As a result, she argues the case is therefore not "contested."

We must construe the meaning of the word "contested" according to principles of statutory construction. "Words in a statute are to be construed according to their ordinary

---

[4] The amount of income available to the wife is one of the factors to be considered under Code § 20-107.1 in awarding spousal support. Because the trial court failed to make written findings identifying those factors that supported the award, we are unable to determine what, if any, income it attributed to the wife. Because we remand this case for redetermination of the amount of spousal support, we need not address the issue of whether the trial court failed to consider income available to wife.

- 4 -

meaning, given the context in which they are used." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). Black's Law Dictionary defines "contest" as "to litigate or call into question; challenge." Black's Law Dictionary 314 (7th ed. 1999). Prior to trial, the parties entered a stipulation resolving many previously disputed issues; however, spousal support was not included in the stipulation. Instead, the parties litigated this issue. By submitting this issue to the trial court, they disputed whether spousal support was appropriate and, if so, the amount. The final decision concerning the award of spousal support rested solely within the discretion of the trial court; therefore, this was clearly a contested case within the scope of Code § 20-107.1(F).

2. Compliance with Code § 20-107.1(F)

The General Assembly amended Code § 20-107.1, effective July 1, 1998, to add subsection (F). See 1998 Va. Acts, ch. 604, cl. 2. Previously, we have held that when a trial court failed to make factual findings or present any explanation of the circumstances that influenced its decision regarding spousal support, we could examine the record to determine if the trial court's decision was supported by evidence relevant to the statutory factors. Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 427 (1986). However, as amended, the plain language of subsection (F) does not contain a provision permitting such review. On the contrary, Code § 20-107.1(F) specifically requires that in a contested case, the trial court shall provide written findings and conclusions identifying the statutory factors that support the court's ruling on a request for spousal support.

Accordingly, we conclude that Woolley and its progeny that held we could "examine the record to determine if [the] decision was supported by evidence relevant to [the] factors [contained in Code § 20-107.1]," Woolley, 3 Va. App. at 345, 349 S.E.2d at 427, have been superseded by the enactment of Code § 20-107.1(F). Therefore, we decline to search the record

- 5 -

before us to determine whether evidence exists to support the trial court's decision. See Earley v. Landsidle, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999) ("[W]hen the language in a statute is clear and unambiguous, the courts are bound by the plain meaning of that language.").

In the case before us, the trial court set out in the divorce decree the various statutory factors it must consider in determining the nature, amount, and duration of spousal support. Next, the trial court explained the award of $5,000 per month in spousal support to wife in the following manner: "Upon consideration of all of the factors set forth in Virginia Code § 20-107.1 and the evidence presented, it is hereby ADJUDGED, ORDERED, AND DECREED that Mr. Robinson pay Mrs. Robinson spousal support in the amount of $5,000.00 per month."

Although the divorce decree recites the factors contained in Code § 20-107.1(E), it does not provide any facts pertaining to this particular case and the evidence presented at trial. Moreover, it does not include any findings or conclusions identifying the factors listed in Code § 20-107.1(E) that support the spousal support award. Accordingly, we reverse the spousal support award and remand the case to the trial court for reconsideration of the award based upon the existing record and in keeping with this opinion.

### 3. Retroactive Temporary Spousal Support

The final issue raised by husband is that the trial court erred by awarding wife spousal support for a period of one and one-half months preceding the parties' temporary support agreement because there was no such provision in the agreement. Wife asserts that husband failed to preserve his right to appeal this issue because he failed to offer the temporary support agreement into evidence; therefore, it was not part of the record.

Husband contends that the trial court had no authority to overrule the parties' "comprehensive" temporary support agreement by awarding retroactive support not provided for within the terms of their agreement. Pursuant to Code § 20-155, the parties could enter a valid,

written, property settlement agreement, signed by both parties to settle the rights and obligations of either or both of them with regard to temporary support. See Flanary v. Milton, 263 Va. 20, 556 S.E.2d 767 (2002). However, because husband failed to introduce the agreement into evidence at trial, the trial court had no way to know its content or provisions, to interpret it, or to enforce its terms.

Moreover, on appeal, we cannot review this claim for lack of an adequate record. See 5A:20. As appellant, husband had the responsibility of providing this Court with an appropriate appendix and record. See Rule 5A:20. "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (internal citation omitted). Because husband failed to introduce the temporary support agreement into evidence for the trial court to consider, he cannot now be permitted to assert that the trial court "overruled" the terms of their agreement. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) ("An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record.").

Therefore, we affirm the decision of the trial court to award spousal support for the period between the parties' separation and the spousal support agreement.[5]

---

[5] We recognize that the effective date of a retroactive award of spousal support is generally limited to the date of the commencement of the suit. Young v. Young, 215 Va. 125, 126, 207 S.E.2d 825, 825 (1974). However, because this issue was not raised by the parties, we do not decide whether it was error to award support in a final decree prior to such date. Moreover, because husband did not argue that the provisions of Code § 20-107.1(F) also apply to the retroactive award of spousal support, we decline to extend our holding in Section 2 of this opinion to this portion of the award.

4. Attorney's Fees and Costs

Both parties are seeking an award of attorney's fees and costs incurred in connection with this appeal.  We have held:

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Applying these principles here, we hold that neither party is entitled to costs or attorney's fees.  Each party's request for attorney's fees and costs on appeal is denied.

### III. CONCLUSION

In conclusion, we affirm the award of retroactive spousal support covering the period between the date of separation and the date of the temporary support agreement.  However, we reverse the spousal support award and remand the case to the trial court for a redetermination of the amount of spousal support based on the existing record and in accordance with this opinion.

Reversed in part,
affirmed in part,
and remanded.