COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Fulton and White

JAMES B. HAYBYRNE

v.      Record No. 0569-22-4

MARILOU YUSON DUMAPIAS

MEMORANDUM OPINION\*
PER CURIAM
JANUARY 17, 2023

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
James C. Clark, Judge

(James S. Kurz; Redmon, Peyton & Braswell LLP, on briefs), for
appellant.

(James W. Burke; Orrick, Herrington & Sutcliffe LLP, on brief), for
appellee. Appellee submitting on brief.


James B. Haybyrne filed a complaint against his former employee, Marilou Yuson

Dumapias, alleging breach of contract, defamation, common law fraud, common law civil

conspiracy, and statutory conspiracy. During the litigation, the parties engaged in discovery.

Haybyrne appeals from the circuit court's order holding him in contempt for failing to comply with

a discovery order and imposing $30,000 in sanctions against him. Haybyrne argues that the circuit

court erred in holding that he violated the prior discovery order because "[t]he statutory service

requirements for a Rule to Show Cause were not satisfied." After examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we

affirm the circuit court's judgment.

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Haybyrne, a United States citizen, and his wife, are permanent residents of Hong Kong. Beginning in 2016, they employed Dumapias, a citizen of the Philippines, as a domestic worker at their home in Hong Kong. Shortly thereafter, Haybyrne became sick and sought medical treatment in the United States; Dumapias worked for Haybyrne in his Alexandria, Virginia, home on a temporary B-1 visa. In July 2018, Dumapias left Haybyrne's employ. Following her departure, Dumapias sought a T visa, designated for victims of human trafficking, based on allegations regarding her employment under Haybyrne.

In May 2019, Dumapias sent Haybyrne a letter demanding damages based on the condition of her employment. Dumapias sought $115,000 in damages due to "unpaid wages," "inhumane working conditions," and "emotional distress." Dumapias notified Haybyrne that she intended to file a federal complaint in the Eastern District of Virginia, alleging breach of contract, as well as violations under the Fair Labor Standards Act and the Trafficking Victims Protection Act of 2000.

On February 21, 2020, Haybyrne filed a complaint against Dumapias in the circuit court, alleging breach of contract, defamation and defamation *per se*, common law fraud, common law civil conspiracy, and statutory conspiracy.[1] Dumapias filed a demurrer to Haybyrne's complaint. The circuit court sustained the demurrer as to the conspiracy counts and overruled the demurrer as to the remaining counts. Dumapias filed a counterclaim in the circuit court, alleging breach of contract, abuse of process, and malicious prosecution.

After discovery commenced in the circuit court case, Dumapias, unsatisfied with Haybyrne's response to her requests, moved to compel production of a number of documents and other information. On February 16, 2021, the circuit court granted Dumapias' motion and ordered

---

[1] In March 2020, Dumapias filed her complaint in the Eastern District of Virginia.

Haybyrne to produce the requested information within thirty days. On March 18, 2021, Haybyrne made a supplemental production.

Dumapias sent Haybyrne a letter outlining a number of deficiencies with his supplemental discovery response. Dumapias also petitioned for a rule to show cause, which the circuit court issued on May 14, 2021. Dumapias emailed the rule to show cause to Haybyrne's counsel of record and served counsel by same-day courier service. Dumapias also posted a copy of the rule to show cause on the door of Haybyrne's residence in Alexandria, Virginia. The circuit court scheduled a hearing on the rule to show cause for May 26, 2021.

Haybyrne was no longer in the United States and sent a letter to the circuit court, advising the court that he had not been personally served in Hong Kong with the rule to show cause and that he did not waive personal service. Haybyrne stated that he was not a resident of the United States, but rather a permanent resident of Hong Kong.

On May 21, 2021, Haybyrne filed an opposition brief to the rule to show cause. Haybyrne asserted that Dumapias' rule to show cause was "procedurally flawed" because there was no affidavit and no personal service as required by Code § 8.01-274.1.[2] Haybyrne argued that "[u]nder the statute, . . . Haybyrne must be personally served with the Rule." Alternatively, Haybyrne alleged that the rule to show cause substantively failed because he had complied with the circuit court's discovery order.

Dumapias responded to Haybyrne's opposition and argued that Code § 8.01-274.1's requirement of "served on the person" did not mean that the rule had to be hand-delivered to Haybyrne and that he would not be prejudiced if the show cause hearing proceeded. In support of her argument, Dumapias cited *Koons v. Crane*, 72 Va. App. 720, 732-33 (2021), for the proposition

---

[2] "A rule to show cause entered by the court shall be served on the person alleged to have violated the court order, along with the accompanying motion or petition and any affidavit filed with such motion or petition." Code § 8.01-274.1.

that "[w]here a nonresident citizen of the United States is subject to service pursuant to Va. Code § 8.01-274.1, service is effective on any abode maintained by that person in the United States."[3]

The circuit court conducted the show cause hearing on August 11, 2021. A transcript of this hearing has not been made part of the record.[4] Following the hearing, the circuit court entered an order on September 7, 2021, and found Haybyrne in contempt of the discovery order and ordered him to pay $30,000 to Dumapias "on account of [his] contemptuous conduct."

Haybyrne moved to vacate the circuit court's contempt order, again arguing that Dumapias failed to comply with the statutory service requirements. Dumapias took no position on the merits of the motion to vacate but filed a brief clarifying three points in Haybyrne's motion. The circuit court denied the motion to vacate. On March 10, 2022, the circuit court dismissed Haybyrne's complaint and Dumapias' counterclaim, and the case became final.[5] Haybyrne timely appealed.

ANALYSIS

Haybyrne challenges the circuit court's contempt order. Haybyrne argues that Dumapias did not satisfy the statutory service requirements of Code § 8.01-274.1, which requires a rule to show cause "be served on the person alleged to have violated the court order." Haybyrne asserts that Dumapias did not serve him personally and that posting service at his Alexandria townhome was insufficient because the Alexandria townhome did not qualify as his usual "place of abode."

---

[3] In *Koons*, this Court held that the defendant's temporary absence from his usual place of abode at the time of substituted service did not invalidate the effectiveness of that service. In that case, the defendant had been working in Saudi Arabia at the time of service. This Court found that "the phrase 'served on the person' [contained in Code § 8.01-274.1] refers to the multiple methods for obtaining *in personam* ('personal') jurisdiction over a party, which include substituted service pursuant to Code § 8.01-296(2)." *Koons*, 72 Va. App. at 733. Code § 8.01-296(2)(b) provides that if a person could not be found at his "usual place of abode," the service can be effected "by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode."

[4] The transcript was filed late in the circuit court on August 31, 2022.

[5] The federal court previously had dismissed Dumapias' complaint with prejudice.

- 4 -

Haybyrne alleges that at the contempt hearing, the circuit court erred by relying on *Koons* and determining that the posting at his Alexandria townhome was "sufficient substitute service." Haybyrne concludes that "[w]ithout valid service as required by the statute, the [c]ircuit [c]ourt's [o]rder finding . . . Haybyrne in contempt and imposing $30,000 sanctions is a nullity."

The record, however, does not contain a timely-filed transcript from the contempt hearing or a written statement of facts in lieu of a transcript. "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). In this case, Haybyrne filed a transcript from the contempt hearing on August 31, 2022, over five months after the circuit court entered the final order on March 10, 2022. Furthermore, Haybyrne has not filed a written motion requesting that the Court extend the deadline for him to file the transcript under Rule 5A:8(a).[6]

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

In the absence of a transcript or written statement of facts in lieu of a transcript, the Court cannot determine what evidence was presented with respect to the service of the rule to show cause

---

[6] On June 21, 2022, Dumapias filed a "Motion for Leave to Add Hearing Transcript to the Record on Appeal." By order entered June 22, 2022, this Court directed the circuit court to transmit the August 11, 2021 hearing transcript. On August 12, 2022, the circuit court informed this Court that the transcript had not been filed, and the circuit court therefore could not transmit the transcript to this Court.

or whether the circuit court erred in concluding the service was adequate. Indeed, the circuit court's order specifically stated that its holding was based upon "the oral argument presented before this [c]ourt at a hearing on August 11, 2021." Moreover, with no record of the arguments Haybyrne made or the positions he took at the August 11, 2021 hearing, we cannot know that Haybyrne presented the specific argument he advances on appeal to the circuit court. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court). We conclude that a transcript, or written statement of facts in lieu of a transcript, from the August 11, 2021 hearing is indispensable to a determination of Haybyrne's assignment of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). We further conclude that the failure to file timely a transcript or written statement of facts in lieu of a transcript is a significant defect in this case. *See Jay v. Commonwealth*, 275 Va. 510, 520 (2008); *cf.* Rule 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.[7]

*Affirmed*.

---

[7] On August 19, 2022, Haybyrne filed a "Motion to Strike 'Neutral Party' Brief Filed by Appellee and to Strike Appellee's Appendix Designations." Considering our ruling herein, we deny Haybyrne's motion.