UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Callins

COLT STEVEN POE

v.      Record No. 0732-22-3

OLIVIA RAE POE

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 28, 2023

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
James F. Watson, Judge

(Madison C. Guidry; Grady W. Donaldson, Jr., Guardian *ad litem* for
the minor child; Glenn Robinson Cathey Memmer & Skaff PLC;
Schenkel & Donaldson, P.C., on briefs), for appellant.

(Joseph A. Sanzone; Sanzone & Baker, L.L.P., on brief), for
appellee.

Colt Steven Poe (father) and Olivia Rae Poe (mother) are the biological parents to a minor

child. Father appeals the circuit court's April 8, 2022 order awarding joint legal custody, with

primary physical custody of the parties' minor child to mother. Father argues that the circuit court

erred by "limiting" the guardian *ad litem*'s report and excluding information regarding the

child's schooling. Father also asserts that the circuit court erred by denying his motion to

compel and "allowing the admission of untimely documentary evidence and witness testimony."

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

For the following reasons, we affirm the circuit court's judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

On August 16, 2021, mother petitioned for custody of the minor child. The Lynchburg Juvenile and Domestic Relations District Court (JDR court) appointed a guardian *ad litem* to represent the best interests of the child. Following a hearing, the JDR court awarded the parents joint legal custody of the child, with primary physical custody to father. Mother appealed to the circuit court.

The circuit court set the matter for a hearing. Mother filed a motion *in limine*, seeking to prohibit father from using any subjective comments from the child's teacher made to the guardian *ad litem*. Mother argued that the teacher's statements were "conclusory and lack[ed] a proper foundation" and "directly contradict[ed] the [child's] objective testing." Mother also argued that the prejudicial effect of the teacher's statements outweighed the probative value and mother was unable to cross-examine the teacher. Father filed a motion to compel and asked the circuit court to require mother to completely respond to the interrogatories and request for production of documents. Mother objected to father's motion.

On April 8, 2022, the circuit court entered a written order granting mother's motion *in limine* "as it was considered as a clarification of [mother's] objection to hearsay testimony." The circuit court also denied father's motion to compel. Finally, the circuit court stated that it considered the parties' evidence and argument, and determined that it was in the best interests of the

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues father has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

child for the parties to share joint legal custody, and granted mother primary physical custody. Father appealed.[2]

## ANALYSIS

On appeal, father argues that the circuit court's order granting mother's motion *in limine* prevented the circuit court from considering all the relevant information because the guardian *ad litem* was unable to present evidence regarding the child's education. Father asserts that "[t]he limitations imposed on the guardian *ad litem* prevented the trial court from adequately taking all statutory factors into consideration when determining the best interests of the minor child." Father also contends that the circuit court erred by denying his motion to compel because "[b]y allowing [mother] to present witness testimony and documentary evidence that was untimely and incompletely disclosed in her discovery responses, the trial court prejudiced [father]." Father argues that mother's "blatant disregard for the rules of discovery . . . deprived [father] from having an opportunity to prepare for trial."

The record, however, does not contain a timely filed transcript from the circuit court's hearing or a written statement of facts in lieu of a transcript. "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). In this case, father filed a transcript from the circuit court hearing on June 17, 2022, seventy days after the circuit court entered the final order on April 8, 2022. Furthermore, although father filed a written motion, dated June 14, 2022, requesting that the Court extend the deadline to file the transcript under Rule 5A:8(a), father later moved to withdraw this motion on June 17, 2022. This Court granted father's motion to withdraw, and father filed the transcript late. Accordingly, the transcript is not part of the record. Rule 5A:8(a).

---

[2] Upon father's motion, this Court granted father until May 18, 2022, to note his appeal.

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

In the absence of a timely filed transcript or written statement of facts in lieu of a transcript, the Court cannot determine what evidence the parties presented at the March 4, 2022 hearing. This Court is unable to review the circuit court's reasoning for denying father's motion to compel and for granting mother's motion *in limine*. Indeed, the circuit court's order specifically stated that its holding was based upon "reasons which are fully stated forth on the record and in the presence of a sworn court reporter." Moreover, with no record of the arguments father made or the positions he took at the March 4, 2022, hearing, we cannot know that father presented the specific arguments he advances on appeal to the circuit court. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court).

We conclude that a transcript, or written statement of facts in lieu of a transcript, from the March 4, 2022 hearing is indispensable to a determination of father's assignments of error. "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (alteration in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); *see also Bay*, 60 Va. App. at 528-29. Because father

failed to provide a timely filed transcript or written statement of facts in lieu of a transcript necessary to resolve his assignments of error, we will not consider them.  Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*