COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Fulton, Friedman and Raphael

TIMOTHY LEE COLES

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0998-22-3                            PER CURIAM
                                                      MAY 23, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Timothy Lee Coles, on brief), *pro se.*

(Robert Bryan Haskins, Commonwealth's Attorney, on brief), for
appellee.


Appellant, Timothy Lee Coles, *pro se*, appeals the circuit court's judgment forfeiting a 2003

Ford F-150 truck to the Commonwealth. He contends that the circuit court erroneously admitted

evidence which lacked a proper foundation and was not subject to cross-examination. Coles also

argues that the evidence presented at the forfeiture hearing was insufficient to prove that the truck

was used in substantial connection with illegal drug activity. After examining the briefs and record

in this case, the panel unanimously holds that "the appeal is wholly without merit" because Coles

has not provided this Court with an adequate record to review his claims; thus, oral argument is

unnecessary. Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

In June 2019, the Commonwealth filed a civil information for forfeiture of certain property and currency.[1]  As relevant to this appeal, the information identified a 2003 Ford F-150 truck as one of the items seized and subject to forfeiture.  The information identified Coles as either the owner of the property and currency, or someone with an interest in it.  Coles filed an answer disclaiming some of the property and expressly denying that the currency and truck "were used in substantial connection with or were the proceeds of illegal drug activity" or subject to forfeiture.  The matter was continued several times because of the COVID-19 pandemic and until the criminal charges against Coles were resolved.  By final order entered on September 14, 2021, the circuit court convicted Coles of possession of cocaine with intent to distribute, third or subsequent offense, possession of a firearm while in possession of drugs, possession of a firearm after having been convicted of a felony, and possession of ammunition after having been convicted of a felony.

After a hearing in June 2022, the circuit court ordered some items forfeited because Coles had not claimed ownership or interest in them.  The circuit court further found that the Commonwealth had failed to prove by clear and convincing evidence that $251 in United States currency "was either the proceeds from or substantially connected with illegal drug transactions."  Consequently, the circuit court ordered the Commonwealth to return the currency to Coles.  Finally, the circuit court found by clear and convincing evidence "that the 2003 Ford F-150 truck" identified in the information "was used in substantial connection" with Coles' possession with the intent to distribute cocaine on May 27, 2019, and that no one else had asserted a claim of interest in the truck.  The circuit court ordered the truck forfeited to the Commonwealth.  Coles appeals.

---

[1] The Commonwealth also filed a notice of filing of information of forfeiture and a notice of seizure.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). An appellant bears the burden to provide this Court "with a record which substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). This Court will not consider claimed errors without an adequate record for review. *Id.*

A transcript of any proceeding or a written statement of facts in lieu of transcript becomes part of the record if filed in the trial court clerk's office within sixty days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) (holding that this Court lacks authority to make exceptions to the filing requirements established in Rule 5A:8 (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986))).

Coles' assignments of error contend that the circuit court erred by:

- admitting an out-of-court statement in violation of the Sixth Amendment to the United States Constitution;

- giving favorable weight and credibility to an out-of-court statement that was not made under oath and was not properly authenticated by a preponderance of evidence; and,

- finding that Commonwealth had proved its case by clear and convincing evidence.

We lack, however, the tools to assess the merits of Coles' claims because the record before the Court does not contain a transcript of the forfeiture hearing or a written statement of facts in lieu of a transcript. Without a record of the proceedings, we cannot discern what arguments and objections Coles made (or failed to make) at the forfeiture hearing. *See* Rule 5A:18 (an appellate

- 3 -

court will only consider arguments that were timely raised in the trial court).  Similarly, the foundational basis that informed the circuit court's decisions in determining the admissibility of any challenged evidence is missing.[2]  *See Melick v. Commonwealth*, 69 Va. App. 122, 134 (2018) (noting the "deferential" standard of review governing the inquiry (quoting *Joyce v. Commonwealth*, 56 Va. App. 646, 663 (2010))).  Finally, this absence of a transcript also forecloses us from assessing the court's weighing of evidence in this case.  We find that a transcript from the forfeiture hearing, or a written statement of facts in lieu of a transcript, is indispensable to our review of Coles' arguments on appeal.  In the absence of such materials, Coles' arguments are waived.  Rule 5A:8(b)(4)(ii).

## CONCLUSION

Coles failed to present this Court with an adequate record with which to review the errors he presents on appeal and has therefore waived those arguments.  Under these circumstances, the circuit court's judgment is affirmed.

*Affirmed.*

---

[2] Nevertheless, the record that is before the Court appears to indicate that the circuit court excluded the challenged statement.  The statement does not appear among the exhibits in the record, which indicates that a proffered exhibit was "refused."