COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chaney and Senior Judge Annunziata

BAHAA O. ELFIKY

MEMORANDUM OPINION*

v.     Record No. 1699-22-4     PER CURIAM
JUNE 27, 2023

MCLEAN CREST HOMEOWNERS ASSOCIATION, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

(Bahaa Elfiky, on briefs), *pro se*.

(Nasim J. Saeidi; Whiteford, Taylor & Preston L.L.P., on brief), for
appellee.

Bahaa O. Elfiky, *pro se*, appeals the trial court's judgment awarding attorney fees and costs

to McLean Crest Homeowners Association, Inc. (the association) and permitting the foreclosure of

his real property if he failed to satisfy his outstanding debts within 120 days.  On appeal, Elfiky

argues that the trial court erred because foreclosure was not an authorized remedy under the

"statutory scheme" to satisfy an award of attorney fees and costs, especially considering that the

equity in his real property was insufficient to satisfy his debts.  He also argues that the trial court

erred by awarding the association attorney fees given its "pattern of bad faith conduct" during

the litigation.

We are unable to review Elfiky's claims because the record does not contain a transcript

or written statement of facts necessary to resolve Elfiky's arguments.  *See* Rule 5A:8.

Accordingly, the trial court's judgment is affirmed.  After examining the briefs and record in this

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND

In June 2021, the association filed a complaint alleging, in part, that it had perfected three memorandum liens against Elfiky's real property to secure unpaid assessments. At that time, the balance of the unpaid assessments totaled $6,182.40. The association also alleged that it was the holder of a $12,588.31 money judgment against Elfiky, which had been recorded in the county's land records.[1] The association asked the trial court to enforce its liens and judgment against the property through foreclosure and award it attorney fees and costs.

On December 14, 2021, the trial court entered an order appointing a commissioner in chancery to confirm Elfiky's ownership of the subject property and determine whether there were any delinquent taxes. The trial court also tasked the commissioner with determining the property's "rental value and fee simple value" and whether the "rents and profits" from the property over five years could satisfy the liens. The commissioner conducted a hearing on March 3, 2022, and filed his report with the trial court on April 11, 2022. The commissioner found that Elfiky was the record title owner of the subject property and that real estate taxes were current as of the end of 2021. The property's fair market value was $1.05 million, and the value of the numerous liens and encumbrances against the property exceeded $1.2 million. The property's monthly rental income would earn $252,000 over five years and, therefore, not satisfy the liens and encumbrances during that time.

On April 20, 2022, the association moved the trial court to enter an order directing the sale of the property and to appoint a special commissioner of sale. On May 13, 2022, Elfiky filed a

---

[1] The complaint further alleged that numerous other liens encumbered the lot because of money judgments against Elfiky.

motion that claimed he had paid the association's memorandum liens "in full" and that there remained only "a money judgement [sic] for legal fees [he] agree[d] to pay." Elfiky's motion also claimed that the commissioner's valuation of the property was incorrect because a "[r]ecent certified appraisal" valued it at $750,000. Accordingly, he asked the trial court to deny the association's motion.

On May 20, 2022, the trial court entered an order setting an evidentiary hearing to resolve the matter and, if appropriate, award attorney fees. Before the hearing, Elfiky filed a pleading claiming that the association's attorney had engaged in "inequitable conduct," misrepresented facts to the court, and "failed to correct a duplicative lien . . . on the [c]ommissioner's [r]eport" so he could "double dip" and increase his fees award. Reiterating his claim that he had satisfied the association's liens, Elfiky asked the trial court to deny the association's request for attorney fees.

After the evidentiary hearing,[2] the trial court entered an order awarding the association a total of $28,197.82 in attorney fees and costs. The court further ordered that the association's pending foreclosure action would be stayed for 120 days, permitting Elfiky to satisfy those fees and costs. Elfiky moved the court to reconsider its ruling, arguing that the association's attorney's duplicative legal work, "bad faith conduct," and misleading representations to the court foreclosed an award of attorney fees. Elfiky also argued that a judicial foreclosure of his property was not authorized because the debts underpinning the liens had been satisfied and the only remaining debts were for attorney fees and costs. By order entered on October 6, 2022, the trial court denied Elfiky's motion to reconsider.

On appeal, Elfiky argues that the trial court erred by holding that "foreclosure was an authorized remedy for an award of" attorney fees and costs under the "statutory scheme." He argues that he paid the liens in full, leaving only his debts for outstanding attorney fees and costs.

---

[2] The record does not contain a transcript or written statement of facts from the hearing.

- 3 -

Elfiky suggests that the association improperly pursued a judicial foreclosure when the only plausible remedy under the act was a "nonjudicial foreclosure sale." Elfiky also argues that, during the evidentiary hearing, he "*presented evidence* that" the commissioner's valuation of his home was inaccurate and that "his home lacks sufficient equity to satisfy such an award." (Emphasis added). Thus, he maintains that foreclosure would be punitive and "contrary to equitable principles." Finally, he contends the trial court erred by awarding the association attorney fees because the association's attorney "engaged in a pattern of bad faith and unnecessary legal work."

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Without a sufficient record, we cannot reach the asserted error. *Id.* A transcript of any proceeding or a written statement of facts in lieu of a transcript becomes part of the record if filed in the trial court clerk's office within 60 days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986))).

Elfiky's arguments on appeal focus on factual issues before the trial court during the September 15, 2022 hearing and the evidence he allegedly presented during that hearing. The record indicates that the trial court expressly scheduled that hearing to resolve whether Elfiky had

satisfied the underlying liens and, if appropriate, determine an attorney fees award. The record before this Court, however, contains none of the evidence or argument presented during that hearing. Nor does it contain any of the trial court's factual findings or rationale for its judgment. Instead, the order merely awards the association attorney fees and costs and postpones foreclosure for 120 days to allow Elfiky an opportunity to satisfy the outstanding debts.

With no record of the evidence and arguments Elfiky made or the positions he took (or possibly abandoned) at the September 15, 2022 hearing, we cannot know if his appellate argument repudiates a position that he may have taken in the trial court, let alone whether the trial court ruled, and erred, as he claims. *See Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Thus, a transcript, or a written statement of facts in lieu of a transcript, from the September 15, 2022 hearing is indispensable to a determination of Elfiky's arguments on appeal. Accordingly, his arguments to us on appeal are waived. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*