UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty

MARVIN JAMES KERSEY

MEMORANDUM OPINION*

v.      Record No. 0057-23-2                         PER CURIAM
                                                     JULY 5, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jacqueline S. McClenney, Judge

(Michael B. Gunlicks; Gunlicks Law, L.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.

A jury convicted Marvin James Kersey ("appellant") of possession of a firearm by a violent

felon. By final order of August 8, 2022, the Circuit Court of the City of Richmond (the "trial

court") sentenced him to five years' imprisonment. Appellant challenges the sufficiency of the

evidence and the trial court's admission of a surveillance video into evidence. The record,

however, does not contain timely filed transcripts or a written statement of facts in lieu of the

transcripts necessary to resolve those arguments. Rule 5A:8. Therefore, after examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary as "the

appeal is wholly without merit" because appellant has not provided this Court with an adequate

record to review his claims. Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, the trial court's

judgment is affirmed.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

A grand jury indicted appellant for possession of a firearm by a violent felon.  He filed a pretrial motion in limine asking the trial court to exclude surveillance footage "of a purported shooting that" appellant allegedly was "involved in hours before he was pulled over and arrested for possessing a firearm" as a violent felon.  After considering the parties' briefing and oral arguments, the trial court denied the motion in limine.  A jury convicted appellant, and the trial court sentenced him to five years' incarceration.  That final judgment was issued by the trial court on August 8, 2022.

On appeal, appellant argues the trial court erred by denying his motion in limine to exclude the surveillance video and by introducing that video at trial "despite multiple objections."  He asserts the video was inadmissible evidence of a prior bad act.  He further contends the trial court erred by denying his motion to strike because the evidence failed to prove that he constructively possessed the firearm.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct."  *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012).  "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error."  *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).  Without a sufficient record, we will not consider the asserted error.  *Id.*  A transcript of any proceeding or a written statement of facts in lieu of a transcript becomes part of the record if filed in the trial court clerk's office within 60 days after entry of final judgment.  Rule 5A:8(a) and (c).

The trial court entered its final sentencing order on August 8, 2022.  Thus, to be part of the record in this appeal under Rule 5A:8, a transcript or a written statement of facts in lieu of a transcript must have been filed in the office of the trial court clerk by October 7, 2022.

Nevertheless, the transcripts of the trial and motion in limine hearing were not filed until December 16, 2022. Accordingly, those transcripts are not part of the record before this Court.[1] Rule 5A:8(a).

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). To be sure, "[i]f . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay*, 60 Va. App. at 528 (second, third, and fourth alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29. "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

This Court determines that the missing transcripts here are indispensable to resolving appellant's assignments of error. To begin, without the trial transcript, we cannot determine if the evidence was sufficient to sustain appellant's conviction; nor can we determine whether the trial court erred by overruling appellant's objection to the admissibility of evidence at trial. In addition, although the parties briefed the motion in limine and the trial court entered a written order denying the motion, Code § 8.01-678 requires "harmless-error review . . . in *all* cases." *Nunez v. Commonwealth*, 66 Va. App. 152, 158 (2016) (quoting *Ferguson v. Commonwealth*, 240 Va. ix, ix (1990)). We cannot conduct such a review in the absence of the trial record.

---

[1] Appellant did not file a written statement of facts to supplement the record nor did he make a motion to extend the deadline for filing the transcripts. *See* Rule 5A:8(c)(2).

Accordingly, because we cannot consider or resolve appellant's assignments of error, we affirm the trial court's judgment. *See* Rule 5A:8(b)(4)(ii).

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*