COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Fulton and Causey

AMY BRESLIN

MEMORANDUM OPINION*

v.      Record No. 1884-22-4              PER CURIAM
                                          JULY 25, 2023

ELIZABETH BALLEW


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

(Amy Breslin, on briefs), *pro se*.

(Nathaniel R. Weiner, Allstate Staff Counsel, on brief), for appellee.


Following a jury trial, Amy Breslin, *pro se*, appeals an order awarding her compensatory

damages for personal injuries she sustained because of a motor-vehicle accident. On appeal, she

argues that the circuit court erred by excluding certain medical bills from evidence. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

On December 20, 2018, Breslin filed a complaint in the circuit court against Elizabeth

Ballew to recover for injuries Breslin sustained in a motor-vehicle accident. According to Breslin,

Ballew's vehicle "suddenly made a left turn into" her vehicle, causing a collision that resulted in

Breslin's injuries.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

During the discovery process, Breslin filed a motion to quash a subpoena duces tecum issued to Dr. Oliver, arguing that the subpoena omitted statutorily required language, was overly broad, and sought confidential medical information. The record does not include a copy of the subpoena duces tecum. The circuit court denied the motion to quash, and Breslin endorsed its order as "[s]een and agreed."

On August 30, 2022, Breslin filed an "Updated and Proposed Exhibit List," identifying an "Amended Statement of Medical Bills" as one of her exhibits. Ballew filed a written objection to the proposed exhibit on the basis that it was hearsay, not timely produced in discovery, not authentic, and without foundation. Notwithstanding her objections, Ballew stated that she did "not object to the introduction of any medical bills or summary thereof to the extent such bills were previously timely produced in discovery."

The case proceeded to trial on September 13, 2022. The record does not include a transcript or a written statement of facts in lieu of a transcript from the trial. The record, however, does include two exhibits entitled "Patient Ledger" and "Amended Statement of Medical Bills/Damages," purportedly relating to treatment by Dr. Christopher Oliver, offered by Breslin at trial (collectively the "medical bills"). The record reflects that the circuit court excluded the medical bills from evidence. The jury returned a verdict in favor of Breslin, and the circuit court entered a final order awarding her $5,000 in compensatory damages. Breslin appeals.

## ANALYSIS

On appeal, Breslin contends that the circuit court erred by excluding the medical bills from evidence upon Ballew's objection. Although she does not identify the specific objection that Ballew raised at trial, Breslin asserts that exclusion of the medical bills was improper because Ballew had previously received them in response to her subpoena duces tecum. Breslin also argues that the medical bills provide "necessary information to determine damages" permitted by statute.

"On appeal, we presume the judgment of the trial court is correct[.]" *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Indeed, if "the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay*, 60 Va. App. at 528 (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

In this case, Breslin did not file a transcript or a written statement of facts in lieu of a transcript with the circuit court. In the absence of a transcript or a written statement of facts in lieu of a transcript, the Court cannot determine the nature of Ballew's objection to the medical bills, whether Breslin opposed the objection, or the basis for the circuit court's ruling. Indeed, Breslin concedes on appeal that she was "without . . . ability to decode how to overcome" Ballew's objection at trial. Under these circumstances, we conclude that a trial transcript, or a written statement of facts in lieu of a transcript, is indispensable to a determination of Breslin's assignment of error raised on appeal. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner*, 2 Va. App. at 99-100. Accordingly, her arguments are waived. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*