COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chaney and Senior Judge Annunziata

JAMES FREDERIC BROWN, III

                                               MEMORANDUM OPINION[*]

v.       Record No. 0005-23-3                              PER CURIAM
                                                               AUGUST 8, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(Matthew L. Pack; M. Pack Law, PLLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Timothy M. Davidson,
Assistant Attorney General, on brief), for appellee.

James Frederic Brown, III, appeals a civil commitment order entered under Virginia's

Sexually Violent Predators Act (SVPA). Code §§ 37.2-900 through -921. On appeal, he argues

that the circuit court erred by finding that he was a sexually violent predator and not suitable for

conditional release. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Finding no error, we affirm the circuit court's judgment.

BACKGROUND

On June 23, 1998, Brown was convicted of aggravated sexual battery and sentenced to 20

years' incarceration, with 14 years suspended. After his initial release, Brown violated his

probation, and the circuit court revoked his suspended sentence. On September 27, 2017, the

Commonwealth filed a petition to civilly commit Brown as a sexually violent predator under the

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

SVPA before his release. Among other things, the Commonwealth alleged that Brown had been diagnosed with pedophilic disorder and was likely to engage in sexually violent acts.

Following a trial on July 3, 2018, a jury found that Brown was a sexually violent predator. With Brown's agreement, the circuit court entered an order committing Brown to the custody of the Department of Behavioral Health and Developmental Services (the Department) for appropriate treatment and confinement. On November 19, 2020, the circuit court released Brown subject to certain terms and conditions, including that he "shall have no social contact with minors."

On July 19, 2021, the circuit court entered an emergency order returning Brown to the Department's custody after he reportedly violated the terms and conditions of his release by having a minor in his vehicle "about three different times." The circuit court later found that Brown violated the conditions of his release and ordered him to remain in the Department's custody.

On September 26, 2022, the circuit court conducted an annual review hearing to determine whether Brown remained a sexually violent predator and, if so, whether he could be conditionally released. The record does not include a transcript, or a written statement of facts in lieu of a transcript, from the hearing. The record, however, includes reports prepared by clinical psychologists that were admitted into evidence at the hearing. Both psychologists, who considered Brown's mental condition, treatment history, and risk factors, opined that Brown remained a sexually violent predator and did not recommend conditional release.

At the conclusion of the annual review hearing, the circuit court entered an order finding that Brown remained a sexually violent predator and recommitted him to the Department for appropriate treatment and confinement. Brown appeals.

ANALYSIS

On appeal, Brown contends that the circuit court erred by finding that he was a sexually violent predator and not suitable for conditional release. In support thereof, he argues that the

- 2 -

"diagnoses of his mental abnormalities and personality disorders are not recent enough nor supported enough" to establish that he is a sexually violent predator or to deny his release.

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Indeed, if "the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Veldhuis v. Abboushi*, 77 Va. App. 599, 606-07 (2023) (alterations in original) (quoting *Bay*, 60 Va. App. at 528).

Brown concedes that the record does not include a transcript, or a written statement of facts in lieu of a transcript, from the annual review hearing. With no record of the arguments that Brown made or the positions he took (or possibly abandoned) at the hearing, we cannot know whether he presented the specific arguments to the circuit court which he now advances on appeal. *See* Rule 5A:18 (requiring that an appellate court consider only arguments that were timely raised in the trial court). We also have no way to evaluate whether his appellate argument

repudiates a position that he may have taken in the circuit court.[1] *See Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Certainly, without a transcript, we cannot determine whether the circuit court erred by finding that Brown remained a sexually violent predator and recommitting him to the Department for appropriate treatment and confinement.

We conclude that the transcript, or a written statement of facts in lieu of such transcript, is indispensable to a determination of Brown's assignments of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Accordingly, these arguments are waived. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[1] Notably, Brown endorsed the circuit court's recommitment order as "[s]een and [a]greed."