COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

BILLY ENRIQUE DELCID-SOLIS

v.      Record No. 0532-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 26, 2023

FROM THE CIRCUIT COURT OF MADISON COUNTY
Daniel R. Bouton, Judge Designate

(Elliott M. Harding; Harding Counsel, PLLC, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; Kimberly A. Hackbarth, Senior
Assistant Attorney General, on brief), for appellee.


A jury convicted Billy Enrique Delcid-Solis of animal cruelty resulting in injury. By final

order entered January 11, 2023, the Circuit Court of Madison County imposed a two-year

suspended sentence. On appeal, Delcid-Solis challenges the trial court's refusal to give two of

his proposed jury instructions. We are unable to review Delcid-Solis's claim, however, because

the record does not contain a transcript or a written statement of facts necessary to resolve his

argument. Rule 5A:8. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary. "[T]he appeal is wholly without merit" because

Delcid-Solis has not provided this Court with an adequate record to review his claims. Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, the trial court's judgment is affirmed.

---

*This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

A grand jury indicted Delcid-Solis for animal cruelty resulting in injury. In a pretrial filing, he asked the trial court to instruct the jury on the definitions of "torture" and "inhumane," as used in Code § 3.2-6570(A). Although the filing included a citation to an unpublished opinion of this Court, it did not include the text of any proposed instructions. The jury convicted Delcid-Solis, and the trial court imposed a two-year suspended sentence. Delcid-Solis's sole assignment of error on appeal challenges the trial court's refusal to give his proffered instructions defining the terms "inhumane" and "torture."

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Without a sufficient record, we will not consider the asserted error. *Id.* A transcript of any proceeding or a written statement of facts becomes part of the record if filed in the trial court clerk's office within sixty days after entry of final judgment. Rule 5A:8(a), (c).

The trial court entered its final sentencing order on January 11, 2023. Thus, to be part of the record in this appeal under Rule 5A:8, a transcript or a written statement of facts must have been filed in the office of the trial court clerk by March 13, 2023.[1] Nevertheless, the trial transcripts were not filed with the trial court clerk until March 17, 2023. Accordingly, those transcripts are not part of the record before this Court.[2] Rule 5A:8(a).

---

[1] Because the 60-day filing period ended on a Sunday, the last day to timely file the transcripts was Monday, March 13, 2023. *See* Code § 1-210(B).

[2] Delcid-Solis did not file a written statement of facts to supplement the record. *See* Rule 5A:8(c)(2).

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). To be sure, "[i]f . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay*, 60 Va. App. at 528 (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528. "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

The missing transcripts are indispensable to resolving Delcid-Solis's assignment of error. The record does not contain the text of the proposed jury instructions; thus, we cannot determine whether they clearly state the law. *See Conley v. Commonwealth*, 74 Va. App. 658, 674 (2022). Further, without the trial transcript, we cannot assess whether the proposed instructions are "supported by the evidence." *See Watson v. Commonwealth*, 298 Va. 197, 207 (2019). Accordingly, we cannot consider Delcid-Solis's assignment of error and affirm the trial court's judgment. *See* Rule 5A:8(b)(4)(ii).

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*